## NEW YORK *v.* ILLINOIS AND SANITARY DISTRICT OF CHICAGO.

### IN EQUITY.

No. 14, Orig. Argued April 25, 1927.—Decided May 31, 1927.

1. In a bill for an injunction to restrain diversions of water from the Great Lakes, on the ground that the diversions will impair navigable capacity of the lakes and connected rivers and thereby obstruct and burden commerce to the serious injury of the plaintiff State, a paragraph setting up possible interference with water-power development, but not showing any existing or definitely projected use of the waters for that purpose with which the diversions might interfere, should be stricken from the bill, without prejudice. P. 490.

2. A suit for an injunction must rest on actual or presently threatened injury. *Id.*

3. This Court cannot consider abstract questions. *Id.*

MOTION to strike a paragraph from the plaintiff's bill, sustained.

*Mr. James M. Beck,* with whom *Messrs. James Hamilton Lewis, Oscar E. Carlstrom,* Attorney General of Illinois, *Cyrus Dietz, Hugh S. Johnson, Maclay Hoyne, George F. Barrett,* and *Edmund D. Adcock* were on the brief, for the defendants, in support of the motion.

*Mr. Randall J. Le Boeuf,* with whom *Mr. Albert Ottinger* was on the brief, for plaintiff, in opposition thereto.

Mr. Justice Van Devanter delivered the opinion of the Court.

This is a bill in equity brought in this Court by the State of New York against the State of Illinois and the Sanitary District of Chicago to enjoin them from continuing a very substantial diversion of water from Lake Michigan. The character and purpose of the diversion are shown in *Sanitary District of Chicago v. United States*, 266 U. S. 405, and do not call for special comment now. The greater part of the bill proceeds on the theory that the diversion impairs the navigable capacity of the Great Lakes and the rivers leading from one lake to another and then to the Atlantic Ocean, and thereby obstructs and burdens commerce over these waterways to the serious injury of the plaintiff State and her people. To this part of the bill the defendants have answered, and evidence on the issues so framed has been or is being taken before a special master. The bill, in its third paragraph, attempts to set up another injury from the diversion. This paragraph has not been answered, but is assailed by a motion to strike it out. The Court has heard oral argument on the motion and will now rule on it.

The third paragraph of the bill, apparently proceeds on the theory that the diversion may interfere with or prevent the use of the waters of the Niagara and St. Lawrence Rivers by the plaintiff State and her citizens for the development of power. But it does not show that there is any present use of the waters for such purposes which is being or will be disturbed; nor that there is any definite project for so using them which is being or will be affected. The waters are international and their use for developing power may require the assent of the Dominion of Canada and the United States. No consent of either is shown. The suit is one for an injunction, a form of relief which must rest on an actual or presently

threatened interference with the rights of another. Plainly no basis for such relief is disclosed in what is said about water power development. At best the paragraph does no more than present abstract questions respecting the right of the plaintiff State and her citizens to use the waters for such purposes in the indefinite future. We are not at liberty to consider abstract questions. *New Jersey v. Sargent,* 269 U. S. 328. So the motion to strike out the paragraph must be sustained. This ruling will be without prejudice, so that the plaintiff State, if later on in a position to do so, may be free to litigate the questions which the paragraph is intended to present.

*Motion to strike out Paragraph III of bill of complaint sustained without prejudice.*