**ÆTNA LIFE INS. CO. OF HARTFORD, CONN., v. HAWORTH et al.***

No. 10562.

Circuit Court of Appeals, Eighth Circuit.
July 27, 1936.

*Rehearing denied Aug. 31, 1936.

696

WOODROUGH, Circuit Judge, dissenting.

E. R. Morrison, of Kansas City, Mo. (Chas. C. Byers and Douglas Stripp, both of Kansas City, Mo., on the brief), for appellant.

Rees Turpin, of Kansas City, Mo., for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a suit in equity for a declaratory judgment under the Declaratory Judgment Act (Judicial Code, § 274d, 28 U.S.C.A. § 400 and note) by the Ætna Life Insurance Company, insurer, against Edwin P. Haworth, insured, and Cora, his wife, beneficiary, seeking a judgment declaring certain life insurance policies referred to in the petition null and void. A motion to dismiss was sustained and the appeal is from the order of dismissal. (D.C.) 11 F.Supp. 1016.

The motion to dismiss is in the nature of a demurrer to the petition, challenging the sufficiency of the statement of facts to constitute a cause of action, and the jurisdiction of the court.

The trial court, upon entering the order of dismissal from which this appeal is taken, filed a memorandum opinion from which it appears that he held that the petition fails to state a cause of action within the meaning of the Declaratory Judgment Act of June 14, 1934, because it presents no actual controversy in the constitutional sense, and because it does not disclose any present rights or other legal relations to be declared.

Section 2 of article 3 of the Constitution confines the judicial power of the courts of the United States to "cases" and "controversies"; and the Act of June 14, 1934, keeps within these constitutional boundaries, because it is applicable only to "cases of actual controversy." Its first subdivision declares (28 U.S.C.A. § 400 (1) and note): "(1) In cases of actual controversy the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

The question for our determination is whether the facts stated in the petition present an "actual" or justiciable "controversy," in the constitutional sense, between the plaintiff and the defendants.

The petition recites that the plaintiff had previously issued five policies of life insurance upon the life of the defendant, Edwin P. Haworth, in which the defendant, Cora M. Haworth, is named as beneficiary. Each policy contains provisions under which payment of premiums is suspended during total disability of the insured, and two of them provide for certain payments immediately upon proof of total permanent disability.

It is alleged that beginning about 1930 the insured defaulted in the payment of the contractual premiums upon said policies, and that such default continues to the present time; that from time to time since said date the defendants have served upon the plaintiff statements under oath all of similar tenor, one of which is set out. The statement exhibited, after describing the policies and averring the total permanent disability of the insured, continues:

"The insured says that all of the above described policies are now in full force and effect; that under the terms of said policies.

and each of them all annual premiums upon them, or any of them, becoming payable in the year 1930 or in the year 1931 or in the year 1932 are waived by reason of such disability, and the insured is entitled to have said policies continue in full force and effect without the payment of any further premium so long as his said disability shall continue.

"The insured says this statement is made for the purpose of asserting and claiming his right to have said policies continue under the permanent total disability provision contained in each of them."

No other act or omission of the defendants is alleged.

The plaintiff denies that the insured is now or that he was totally and permanently disabled at or prior to the default in the payment of premiums, and says that all of said policies have lapsed by reason of such default.

It is further alleged that, unless a declaratory judgment is entered herein as prayed, the plaintiff will suffer irreparable injury for the reasons: (1) That the defendants have not instituted any action at law or other judicial proceeding wherein the plaintiff would have an opportunity to prove the absence of permanent total disability of the insured and that the policies have lapsed; (2) that actions upon the policies will not be barred until after the running of the statute of limitations following the death of the insured, and that there is danger that evidence to establish such defense now available may not be available at that time; and (3) that because the permanent total disability has not been judicially determined the plaintiff is compelled annually to set aside and maintain substantial reserves upon the policies.

The prayer of the petition is that the court render a declaratory decree or judgment, declaring and defining the status of said policies of life insurance, and declaring each of them null and void, and that each of them has lapsed because of nonpayment of premiums.

It will be noted from an examination of the statement served upon plaintiff that no suit is threatened and no demand made by the defendants. The defendants simply assert that the policies are in force and effect. The apprehension of the plaintiff is that suit will be brought against it at some time prior to the running of the statute of limitations.

Apparently the sole object of this proceeding is to furnish plaintiff an opportunity to establish now its alleged defense to such anticipated litigation, because no claim is made to any contractual rights resulting from the purported wrongful nonpayment of premiums. Assuming that insured has defaulted as alleged, the plaintiff in such case is entitled to only one of two rights. First, it may rely on the contract and assert its right to damages or to specific performance; or, second, it may cancel or rescind the contract. In the present proceeding it seeks the equivalent of cancellation and makes no claim to the first right. The right of cancellation is one which the plaintiff may exercise itself without asking the aid of the court. The only advantage to be derived from a declaratory judgment is an adjudication of the right of cancellation, and the only value of such an adjudication is that it will be a defense in the event of a future suit on the policies. The only disadvantages alleged to result from the present status are the danger of loss of evidence and the setting aside of reserves.

We are impressed that the situation thus presented by the petition amounts to no more than an "assumed potential invasion" of plaintiff's rights, and that it does not for this reason present a justiciable controversy. State of Arizona v. California, 283 U.S. 423, 462, 51 S.Ct. 522, 75 L.Ed. 1154. The judicial power of the federal courts does not extend to the giving of mere advisory opinions or the determination of abstract propositions. State of Alabama v. Arizona, 291 U.S. 286, 291, 54 S.Ct. 399, 78 L.Ed. 798; United States v. West Virginia, 295 U.S. 463, 474, 55 S.Ct. 789, 79 L.Ed. 1546; State of New Jersey v. Sargent, 269 U.S. 328, 338, 46 S.Ct. 122, 125, 70 L.Ed. 289. To present an "actual controversy" within the constitutional meaning of that phrase there must be a statement of facts showing that the defendant is acting or is theatening to act in such a way as to invade, or prejudicially affect, the rights of the plaintiff. State of New Jersey v. Sargent, supra. The Declaratory Judgment Act does not change the essential requisites for the exercise of judicial power nor alter the character of controversies which are the subject of judicial power under the Constitution. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 472, 80 L.Ed. 688; United States v. West Virginia, 295 U.S. 463, 475, 55 S.Ct. 789, 79 L.Ed. 1546.

■ The Supreme Court has said that a case or controversy may be presented to the federal courts by other than traditional forms of procedure which invoke only the traditional remedies. Nashville, C. & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 265, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191. But the constitutional concept of what constitutes a "controversy" cannot be changed by the Legislature nor enlarged by the courts. Where rights are invaded or imminently threatened, federal courts have power to give relief by either traditional remedies or by declaratory judgments, because invasion or threatened invasion of rights are fundamental conditions in the absence of which federal courts have no power to act, since in their absence no justiciable controversy exists. Where these conditions are shown to exist, a declaratory judgment may be a salutary remedy. Zenie Bros. v. Miskend (D.C.S.D.N.Y.) 10 F.Supp. 779, 781; see, also, Hess v. Country Club Park, 213 Cal. 613, 2 P.(2d) 782, 783. In the Zenie Bros. Case, supra, such relief was granted, the court saying that: "Under the facts pleaded, the defendants are threatening their [plaintiffs'] customers with suits for infringement of a worthless patent and are disrupting their business."

■ No such situation is presented in the instant case. It is not shown that the business of plaintiff is prejudicially affected in any way by the alleged acts of the defendants. The alleged irreparable injuries to the plaintiff enumerated in the petition, when examined, are found wanting in the essential constitutional ingredients of a controversy. They are too remote and vague to be considered as elements of a cause of action. First, it is claimed that there is danger that evidence to establish the defense of absence of permanent total disability will not be available in the event suit is brought at some future time on the policies; but it is not alleged that this is due to any act or threatened act of defendants. While it is immaterial here, we observe that if the plaintiff desires to preserve such testimony, a method has been provided by statute (title 28 U.S.C.A. § 644) which is ample and constitutional. State of Arizona v. California, 292 U.S. 341, 347, 54 S.Ct. 735, 78 L.Ed. 1298; Richter v. Jerome (Union Trust Co.), 115 U.S. 55, 5 S.Ct. 1162, 29 L.Ed. 345.

■ Second, the plaintiff insists that it is injured and its rights are prejudicially affected by reason of the fact that it is required annually to set aside substantial reserves for each of the policies in question until it is judicially determined that they have lapsed and are null and void. This claim is without merit for two reasons. First, if it be true that reserves must be set aside as alleged, it is not shown that this is the result of any of the acts attributed to the defendants; and, second, the plaintiff is not thereby deprived of any property right. The funds called reserves continue to be the plaintiff's property, and its control over such funds is neither modified nor affected by the notices served upon it by defendants. The claim of plaintiff in this regard is analogous to the claim asserted by the state of New Jersey in the Sargent Case, supra, and disposed of by the Supreme Court in the following language: "As respects the state's submerged lands, the bill signally fails to disclose any existing controversy within the range of the judicial power. Stating merely that the state will be deprived of revenue from the leasing of such lands is not enough. Facts must be stated showing that the act is being or about to be applied in a way which does or will encroach on or prejudicially affect the state's qualified right in the lands."

The same rule was stated with equal emphasis by the Supreme Court in the Ashwander Case, supra, wherein it is said: "The pronouncements, policies, and program of the Tennessee Valley Authority and its directors, their motives and desires, did not give rise to a justiciable controversy save as they had fruition in action of a definite and concrete character constituting an actual or threatened interference with the rights of the persons complaining."

The petition, therefore fails to state a cause of action under the Declaratory Judgment Act because it fails to state facts disclosing an "actual controversy" in the constitutional sense. It fails in this because the facts averred do not show that any right of the plaintiff is presently being invaded or imminently and prejudicially affected by the alleged acts of the defendants. The judicial power of the federal courts does not extend to such vague and indefinite questions. Consequently, the trial court did not err in dismissing the petition, and the order appealed from must be, and it is, affirmed.

WOODROUGH, Circuit Judge (dissenting).

The Ætna Insurance Company, of Hartford, Conn., has issued five insurance policies, in the aggregate amount of $30,000,

upon the life of one Edwin P. Haworth of Kansas City, in each of which the insured's wife, Cora M. Haworth, is named as beneficiary. By the terms of the policies the insurance company is bound to the performance of certain obligations towards the insured and the beneficiary in case the insured has become wholly, continuously, and permanently disabled, and will, for life, be unable to perform any work or conduct any business for compensation or profit. One of the policies requires the company, in case of the defined total disability of the insured, to pay the amount of the policy in 20 annual installments, or to pay an annuity according to certain tables. Another policy calls for the payment of an annuity of $50 per month, and in the other three it is provided that the company shall waive the further payments of the premiums during the total disability.

The company has made loans upon each of the policies, and the loans remain unpaid. Premiums have been defaulted and the company claims that the policies have lapsed and it has canceled practically all of the insurance. But the insured claims that he became totally disabled within the meaning of the policy during the period when the policies were kept alive by the payment of the premiums. He claims that by reason of his total disability the insurance has not lapsed but is in full force and effect, and he has demanded and continues to demand that the company pay him the installments or annuities called for by two of the policies, and that it maintain the other insurance in force without payment of premiums. The insured continues to press his demands upon the company by presenting written statements, affidavits, and demands to it at frequent intervals, but, although the insurance company does and at all times has denied that the insured is or has been totally disabled as defined, the insured has not brought suit of any kind against the company. He has a number of years of life expectancy, and after his death the state statute of limitations allows ten years for suit on the policies.

Accordingly, the insurance company filed its petition in equity against the insured and wife in the proper federal court alleging the foregoing facts (greatly amplified) and seeking to obtain a judicial declaration under the Federal Declaratory Judgment Act of June 14, 1934 (28 U.S.C.A. § 400 and note), that four of the policies have lapsed for nonpayment of premiums and have become null and void and without force and effect, and that under the fifth policy no obligation remains upon the insurance company except to an inconsiderable amount ($45) upon the death of the insured. The defendants moved to dismiss the petition (1) because no "case" or "controversy" was presented; (2) because there was no equity in the bill; and (3) because assumption of jurisdiction would deny defendants' rights under the Seventh Amendment. The District Court sustained the motion and dismissed the petition. The insurance company appeals.

(1) I think the petition presents a "case" or "controversy" justiciable by the courts of the United States under the decision of the Supreme Court in Nashville, C. & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 346, 77 L.Ed. 730, 87 A.L. R. 1191.

It appeared in that case that tax officers of Tennessee asserted that a certain taxing statute was applicable to the railway company and they demanded payment of the tax in a specified amount and determined to enforce their demand. The railroad company brought suit in the Chancery Court of Tennessee under the Uniform Declaratory Judgments Act of that state to secure judicial declaration that the tax, as applied to the railway company, was invalid as violative of certain constitutional provisions. Appeal was taken to the Supreme Court of the United States from the decision of the Supreme Court of Tennessee denying the relief prayed by the railway company. In ordering the cause set down for argument, the Supreme Court of the United States invited the attention of counsel to the question "whether a case or controversy is presented, in view of the nature of the proceedings in the state courts." The court stated that if no "case" or "controversy" was presented for decision it was without power to review the decree of the court below. After argument the court concluded that the proceeding was between adverse parties seeking determination of legal rights upon facts alleged in the bill and admitted by demurrer; that the railway company was not attempting to secure an abstract determination of the validity of a statute or an advisory decision on what the law would be on an uncertain or hypothetical state of facts, but that valuable legal rights asserted by the railway company and threatened with imminent in-

vasion by the state officers would be directly affected to a specific and substantial degree by the decision of the question of law; and that the question presented "lends itself to judicial determination" and is "of the kind which this court traditionally decides." The court recalled that "while the ordinary course of judicial procedure results in a judgment requiring an award of process or execution to carry it into effect, such relief is not an indispensable adjunct to the exercise of the judicial function." It declared that the Constitution did not crystallize the procedure of 1789 into changeless form, and that the court was not precluded from exercising its powers by the mere form of procedure "so long as the case retains the essentials of an adversary proceeding, involving a real, not a hypothetical, controversy, which is finally determined by the judgment below." The decision of the Supreme Court was that a case was presented which was justiciable in the United States Supreme Court under the Federal Constitution.

It seems to me that by the same reasoning the petition herein also presents the essentials of an adversary proceeding and involves a real, not a hypothetical, controversy and one that may be settled by judicial declaration. The question presented, whether the insured is totally disabled as defined, is one "that lends itself to a judicial determination" and is "of the kind which courts traditionally decide." It is true that the question presented for decision is a question of fact and not a question of law, as in the case of Nashville, C. & St. L. Ry. Co. v. Wallace, supra, but the Declaratory Judgment Act specifically provides for judicial declaration upon a question of fact as well as upon a question of law. 28 U.S.C.A. § 400 (3). The controlling consideration is that "rights" or "other legal relations" can be settled by judicial declaration upon the question, whether the question is one of law or fact.

The controversy here is whether the legal relation of insurer and insured exists between the parties to the suit, together with the attendant rights, duties, and privileges. Such relation did exist for many years and was fully recognized by both parties. Was it terminated by the failure to pay premiums or continued by total disability? The issue is not vague or indefinite. But it is argued that as the insured never has sued the company it may be that neither he nor the beneficiary ever will sue, so that there is no im-

minent invasion of any legal right of the insurance company by the insured; and, along the same line of thought, it is said that all the insurance company needs to do is to maintain reserves to meet the claims on the policies if such claims are ever made and established, which, it is said, involves little more than bookkeeping entries that will not substantially affect the company's investments.

There is a sense in which it may be said that the Ætna Company can carry the $30,000 of insurance in issue herein for the period of the insured's life expectancy and for years beyond without much overt action other than making some entries in its books of account. In the same sense, it can be said of an automobile manufacturer that his delivering a car or two more or less is a matter of blowing the factory whistle a few minutes sooner or later. Where mass enterprise is concerned, overt effort upon the single unit seems slight. But rightly considered, a life insurance company exists to insure lives and its profit is the excess of income over cost. It will cost the company to insure Haworth for $30,000 through the coming years, and, if the allegations of the petition are true, the company will be obliged to incur such cost and such cost will be irreparably lost to the company.

Although it is possible that ultimately the company might never be sued on the policies, the threat appears to me nonetheless imminent because litigation is being deferred during the lifetime of the insured and perhaps may further be deferred into the period of the statute of limitations. But there is a present, clearly-defined claim of right on both sides. The threat to the company's right is imminent in the controlling sense that it is practically certain to materialize in action; being deferred in point of time merely, to the detriment and increased vexation of the company. The insured demands present payment of certain sums and makes present demand that certain insurance be maintained. There is an alleged determination to hold the company to certain obligations, indistinguishable from the alleged determination of the taxing officers in Tennessee to hold the railway company as set forth in the Wallace Case. That case is completely controlling.

In the later case of Ashwander v. T. V. A., 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688, the Supreme Court epitomizes its prior decisions applicable to the question of what

constitutes a "case" or "controversy" justiciable in the federal courts. (297 U.S. 288, 56 S.Ct. 466, loc. cits. 472, 473, 80 L. Ed. 688). Neither the decision itself nor any of those referred to therein qualify or restrict the doctrine of the Wallace Case. Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; Liberty Warehouse Company v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541; Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880; Nashville, C. & St. L. Ry. Co. v. Wallace, supra; State of New Jersey v. Sargent, 269 U.S. 328, 46 S.Ct. 122, 70 L. Ed. 289; State of New York v. Illinois, 274 U.S. 488, 47 S.Ct. 661, 71 L.Ed. 1164; United States v. State of West Virginia, 295 U.S. 463, 55 S.Ct. 789, 79 L.Ed. 1546; State of Arizona v. California, 283 U.S. 423, 51 S.Ct. 522, 75 L.Ed. 1154. It is made perfectly clear by the court that "the judicial power does not extend to the determination of abstract questions" and that jurisdiction should not be taken "of issues too vague and ill-defined to admit of judicial determination," and "that claims based upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention." In the Ashwander Case the conclusion was that the "plaintiffs [as stockholders] had no right to demand that the directors should start a litigation to obtain a general declaration of the unconstitutionality of the Tennessee Valley Authority Act [16 U.S.C.A. § 831 et seq.] in all its bearings or a decision of abstract questions as to the right of the Authority and of the Alabama Power Company in possible contingencies." It seems to me that no purpose to deny jurisdiction in such a case as is here presented can be inferred from the opinion itself or from the cases cited therein.

It was pointed out in the Wallace opinion that a justiciable "case" or "controversy" could be presented without allegations of irreparable injury.

(2) In this case the loss which will be inflicted upon the insurance company by the continuing assertion of his claims by the insured is "irreparable." The company will be obliged by the continuing demands made upon it to treat the policies as contingently in force, and so will incur all the cost of maintaining the insurance. If it finally wins a suit on the policies, or no suit is ever brought, such outlay of expense will be lost.

(3) As the Federal Declaratory Judgment Act fully preserves the right of trial by jury, the motion to dismiss the bill herein was without merit in so far as it was based on alleged denial of rights under the Seventh Amendment to the Constitution. 28 U.S.C.A. § 400 (3).

The decree of the District Court should be reversed.

Rehearing Denied Aug. 27, 1936.