

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00044-CR

**STEVENSON RANDOLPH CARL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-2197-C1**

## MEMORANDUM OPINION

Appellant, Stevenson Randolph Carl, was charged by indictment with five counts of possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26. Carl filed a motion to suppress, arguing that items seized during a search of his residence should be suppressed because the acquisition of Carl's subscriber information by use of "investigative software" to determine Carl's IP address and an administrative subpoena

constituted a violation of his rights under the Fourth Amendment of the United States Constitution and article I, section 9 of the Texas Constitution. *See* U.S. CONST. amend. IV; *see also* TEX. CONST. art. I, § 9. After a hearing, the trial court denied Carl's motion to suppress.

After the denial of his motion to suppress, Carl entered an open plea of guilty to the charged offenses without any recommendation from the State. The trial court accepted Carl's guilty plea, found him guilty, and assessed punishment at ten years in prison for each of the first four counts and two years in prison for the fifth count. The trial court ordered the first four counts to run concurrently and the fifth count to run consecutive to the first four counts. This appeal followed.

In his sole issue on appeal, Carl contends that the trial court abused its discretion by denying his motion to suppress. We affirm.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if

the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *see Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006). But we review de novo the trial court's determination of the law and its application of law to facts that do not turn upon an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673.

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *see State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818-19. We then review the trial court's legal ruling de novo, unless the trial court made explicit findings of fact supported by the record that are dispositive of the legal issue. *Id.* at 819.

**Analysis**

In his sole issue on appeal, Carl contends that child pornography seized from his residence based on the search warrant should have been suppressed because the search for Carl's subscriber information required a search warrant, similar to the collection of cell-site location information ("CSLI"), and because a subpoena cannot be a substitute for a search warrant. We disagree.

The Fourth Amendment to the United States Constitution and article I, section 9 of the Texas Constitution protect against unreasonable searches and seizures by government officials. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *see Wiede*, 214 S.W.3d at 24; *Hunter v. State*, 92 S.W.3d 596, 601 (Tex. App.—Waco 2002, pet. ref'd). Generally, officers must obtain a warrant before they can examine an individual's private property. *See Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967); *see also State v. Rodriguez*, 529 S.W.3d 81, 87 (Tex. App.—Eastland 2015), *aff'd*, 521 S.W.3d 1 (Tex. Crim. App. 2017). In the past, a violation of the right against unreasonable search and seizure was a matter of trespass, but in *Katz*, the United States Supreme Court stated that individuals may be protected from unreasonable searches and seizures if they demonstrate an expectation of privacy. *Carpenter v. United States*, 138 S. Ct. 2206, 2213, 201 L. Ed. 2d 507 (2018); *United States v. Jones*, 565 U.S. 400, 407-08, 132 S. Ct. 945, 950-51, 181 L. Ed. 2d 911 (2012); *Katz*, 389 U.S. at 353, 88 S. Ct., at 512; *Sims v. State*, 569 S.W.3d 634, 643 (Tex. Crim. App. 2019). Whether a legitimate expectation of privacy exists is a question of law. *Villarreal v. State*, 935 S.W.2d 134, 138 n.5 (Tex. Crim. App. 1996). The defendant bears the burden of proving facts establishing a legitimate expectation of privacy. *Id.* at 138. "To carry this burden, the accused must normally prove: (1) that by his conduct, he exhibited an actual subjective expectation of privacy, i.e., a genuine intention to preserve something as private; and (2) that circumstances existed under

which society was prepared to recognize his subjective expectation as reasonable." *Id.* (citing *Smith v. Maryland*, 442 U.S. 735, 740, 99 S. Ct. 2577, 2580, 61 L. Ed. 220 (1979)); *see Sims*, 569 S.W.3d at 643; *see also Rodriguez*, 529 S.W.3d at 87.

DISCUSSION

On appeal, Carl contends that he has a privacy interest in his subscriber information such that a search warrant was required to obtain this information. Texas courts and courts throughout the country have held that an individual does not have a reasonable expectation of privacy in subscriber information provided to an Internet Service Provider. *See Russo v. State*, 228 S.W.3d 779, 802 (Tex. App.—Austin 2007, pet. ref'd) (citing numerous cases from the federal system and other states holding that there is no Fourth Amendment protection against the disclosure of subscriber information by Internet Service Providers because there is no reasonable expectation of privacy in subscriber information provided to Internet Service Providers); *see also Chavis v. State*, 2011 Tex. App. LEXIS 6838, at *14 (Tex. App.—El Paso Aug. 26, 2011, pet. ref'd); *accord United States v. Bynum*, 604 F.3d 161, 164 (4th Cir. 2010) (noting that every federal court that has addressed the issue has held that there is no reasonable expectation of privacy in subscriber information), *cert. denied*, 130 S. Ct. 3442, 177 L. Ed. 347 (2010); *Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) (noting that "computer users do not have a legitimate expectation in their subscriber information because they have conveyed it to another person—the system operator"); *United States v. Hambrick*, 55 F. Supp. 504, 507-09 (W.D.

Va. 1999) (holding that an individual has no reasonable expectation of privacy in his name, address, social security number, credit card number, screen name, and proof of Internet connection obtained from an Internet Service Provider because "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties").

Moreover, Carl does not direct us to any authority specifically holding that he has a privacy interest in his subscriber information such that a search warrant was required to obtain this information. Rather, Carl attempts to analogize the procurement of his subscriber information to CSLI. *See generally Carpenter*, 138 S. Ct. at 2206. However, we note that the Court of Criminal Appeals has emphasized that a recognized expectation of privacy in CSLI records must be decided on a case-by-case basis and that short-term surveillance of CSLI does not violate a person's legitimate expectation of privacy. *See Sims*, 569 S.W.3d at 645-46. In addition, we also note that Carl's conduct did not exhibit an actual expectation of privacy.

In its findings of fact and conclusions of law, the trial court noted the following:

Sgt. Gary Marquis, with the Attorney General's Child Exploitation Unit, began an investigation with peer-to-peer cases on BitTorrent network. Peer-to-peer is a network which shares files from one device to another device if the devices have the same software. One of the software types is BitTorrent, that allows file sharing, is an open software program that is available to anyone who chooses to download it on their electronic device. BitTorrent is an open software program which means there is no reasonable expectation of privacy.

Sgt. Marquis, using a law enforcement program authorized by statute, opened his software to begin looking for "info hashes." The software looks for the info hashes which denotes files of interest that are known to contain child pornography. The software indicated a device contained the info hashes which indicated said device contained child pornography. The law enforcement software further identifies the IP address of the device that is openly sharing information which further means there is no reasonable expectation of privacy.

The IP address provider is found by using a public database; "www.what'smyIPaddress.com.["] Thereafter, after additional surveillance, investigation, and the issuance of an administrative subpoena authorized by the Government Code Section 422.002 to obtain subscriber information, Sgt. Marquis obtained the address of the identified IP address user.

Thereafter, a Search Warrant was issued based upon probable cause that the defendant lived at the target address and used a device with the identified IP address which share the info hash that was consistent with known child pornography.

None of the technology used by Sergeant Marquis intruded on Carl's reasonable expectation of privacy. Indeed, the fact that Sergeant Marquis used open software that allows peer-to-peer file sharing and a law-enforcement program authorized by statute to determine the IP address of the device Carl used to download child pornography lessened any reasonable expectation of privacy Carl has in the IP address. *See Brackens v. State*, 312 S.W.3d 831, 837 (Tex. App.—Houston [1st Dist.] 2009, pet ref'd) ("[A] private party search can destroy an individual's reasonable expectation of privacy if the individual's conduct or activity or the circumstances of the situation significantly lessen the defendant's reasonable expectation of privacy by creating a reasonably foreseeable risk of intrusion by private parties. In such a situation, any subsequent law enforcement

search must be limited in scope to the private party's legitimate search." (citing *United States v. Barth*, 26 F. Supp. 2d 929, 937 (W.D. Tex. 1998)).

Carl also complains about Sergeant Marquis's use of section 422.033 of the Texas Government Code to obtain the issuance of an administrative subpoena to gather further identifying information. Carl emphasizes that law enforcement must obtain a search warrant for the information gleaned from the section 422.033 administrative subpoena because he has a privacy interest in his subscriber information. As we concluded earlier, Carl did not demonstrate that he has a privacy interest in his subscriber information. Therefore, a search warrant was not required to obtain his subscriber information. Furthermore, the administrative subpoena procured by Sergeant Marquis is authorized by statute, and Carl has not cited any authority holding that section 422.033 is invalid or unconstitutional. *See* TEX. GOV'T CODE ANN. § 422.033(a) ("The attorney general shall assist persons authorized under this section in obtaining administrative subpoenas to investigate and prosecute offenses that involve the Internet-based sexual exploitation of a minor."); *see id.* § 422.033(b) (noting that an administrative subpoena may issue to require the production of records and documents if (1) "the subpoena relates to an investigation of an offense that involves the sexual exploitation of a minor"; and (2) "there is reasonable cause to believe that an Internet or electronic service account provided through an electronic communication service or remote computing service has been used in the sexual exploitation or attempted sexual exploitation of the minor"); *see also Robinson*

*v. State*, No. 09-21-00350-CR, 2022 Tex. App. LEXIS 9076, at \*\*15-16 (Tex. App.—Beaumont Dec. 14, 2022, no pet.) (mem. op., not designated for publication) ("We conclude that the trial court did not err by straying from the literal language and considering extra-textual factors such as legislative history, intent, and purpose; determining that section 422.033 applied when Robinson believed the undercover officer was a minor; and finding that section 422.033 allowed the undercover officer to use administrative subpoenas to recover records from KIK and Grande Communications to investigate and prosecute an offense that involved the internet-based sexual exploitation of a minor.").

Therefore, based on the foregoing, we cannot conclude that the trial court abused its discretion by denying Carl's motion to suppress. Accordingly, we overrule his sole issue on appeal.

### Conclusion

We affirm the judgments of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Smith,
    and Justice Rose[1]
(Chief Justice Gray concurs.  No separate writing will follow.)
Affirmed
Opinion delivered and filed November 2, 2023
Do not publish
[CR25]



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.