FAIRCHILD *v.* HUGHES, AS SECRETARY OF STATE OF THE UNITED STATES, ET AL.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 148. Argued January 23, 1922.—Decided February 27, 1922.

1. The general right of a citizen to have the government administered according to law and the public moneys not wasted does not entitle him to institute in the federal courts a suit to secure by indirection a determination whether a statute, if passed, or a constitutional amendment about to be adopted, will be valid. P. 129.
2. Though in form a suit in equity, this is not a case within Art. III, § 2, of the Constitution. P. 129.

Affirmed.

APPEAL from a decree of the court below affirming a decree of the Supreme Court of the District of Columbia, which dismissed a bill by which the appellant sought to have the Nineteenth Amendment declared unconstitutional and to enjoin the Secretary of State from proclaiming its ratification and the Attorney General from taking steps to enforce it.

*Mr. William L. Marbury* and *Mr. Thomas F. Cadwalader,* with whom *Mr. Everett P. Wheeler* and *Mr. Waldo G. Morse* were on the briefs, for appellant.

*Mr. Solicitor General Beck,* with whom *Mr. Robert P. Reeder* and *Mr. W. Marvin Smith* were on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

On July 7, 1920, Charles S. Fairchild of New York brought this suit in the Supreme Court of the District of Columbia against the Secretary of State and the Attorney General. The prayers of the bill are that " the so-called Suffrage Amendment [the Nineteenth to the Federal Constitution] be declared unconstitutional and void "; that the Secretary of State be restrained from issuing any proclamation declaring that it has been ratified; and that the Attorney General be restrained from enforcing it. There is also a prayer for general relief and for an interlocutory injunction. The plaintiff, and others on whose behalf he sues, are citizens of the United States, taxpayers and members of the American Constitutional League, a voluntary association which describes itself as engaged in diffusing " knowledge as to the fundamental principles of the American Constitution, and especially that which gives to each State the right to determine for itself the question as to who should exercise the elective franchise therein."

The claim to relief was rested upon the following allegations The legislatures of thirty-four of the States have passed resolutions purporting to ratify the Suffrage Amendment; and from one other State the Secretary of State of the United States has received a certificate to that effect purporting to come from the proper officer. The proposed Amendment cannot, for reasons stated, be made a part of the Constitution through ratification by the legislatures; and there are also specific reasons why the resolutions already adopted in several of the States are inoperative. But the Secretary has declared that he is

without power to examine into the validity of alleged acts of ratification, and that, upon receiving from one additional State the customary certificate, he will issue a proclamation declaring that the Suffrage Amendment has been adopted. Furthermore, "a force bill" has been introduced in the Senate which provides fine and imprisonment for any person who refuses to allow women to vote; and if the bill is enacted, the Attorney General will be required to enforce its provisions. The threatened proclamation of the adoption of the Amendment would not be conclusive of its validity, but it would lead election officers to permit women to vote in States whose constitutions limit suffrage to men. This would prevent ascertainment of the wishes of the legally qualified voters, and elections, state and federal, would be void. Free citizens would be deprived of their right to have such elections duly held; the effectiveness of their votes would be diminished; and election expenses would be nearly doubled. Thus irremediable mischief would result.

The Supreme Court of the District granted a rule to show cause why an interlocutory injunction should not issue. The return was promptly made; and the defendants also moved to dismiss the bill. On July 14, 1920, the rule was discharged; a decree was entered dismissing the bill; and an appeal was taken to the Court of Appeals of the District. The Secretary, having soon thereafter received a certificate of ratification from the thirty-sixth State, proclaimed, on August 26, 1920, the adoption of the Nineteenth Amendment. The defendants then moved to dismiss or affirm. The Court of Appeals affirmed the decree on the authority of *United States* v. *Colby,* 49 App. D. C. 358; 265 Fed. 998, where it had refused to compel the Secretary to cancel the proclamation declaring that the Eighteenth Amendment had been adopted. The grounds of that decision were that the validity of the Amendment could be in no way affected by an order

of cancellation; that it depended on the ratifications by the States and not on the proclamation; and that the proclamation was unimpeachable, since the Secretary was required, under Rev. Stats., § 205, to issue the proclamation upon receiving from three-fourths of the States official notice of ratification and had no power to determine whether or not the notices received stated the truth. But we have no occasion to consider these grounds of decision.

Plaintiff's alleged interest in the question submitted is not such as to afford a basis for this proceeding. It is frankly a proceeding to have the Nineteenth Amendment declared void. In form it is a bill in equity; but it is not a case within the meaning of § 2 of Article III of the Constitution, which confers judicial power on the federal courts, for no claim of plaintiff is "brought before the court[s] for determination by such regular proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs." See *In re Pacific Railway Commission,* 32 Fed. 241, 255, quoted in *Muskrat* v. *United States,* 219 U. S. 346, 356. The alleged wrongful act of the Secretary of State, said to be threatening, is the issuing of a proclamation which plaintiff asserts will·be vain but will mislead election officers. The alleged wrongful act of the Attorney General, said to be threatening, is the enforcement, as against election officers, of the penalties to be imposed by a contemplated act of Congress which plaintiff asserts would be unconstitutional. But plaintiff is not an election officer; and the State of New York, of which he is a citizen, had previously amended its own constitution so as to grant the suffrage to women and had ratified this Amendment. Plaintiff has only the right, possessed by every citizen, to require that the Government be administered according to law and that the public moneys be not wasted. Obviously this general right does not entitle a private citizen to institute in the

federal courts a suit to secure by indirection a determination whether a statute if passed, or a constitutional amendment about to·be adopted, will be valid.　Compare *Giles* v. *Harris,* 189 U. S. 475; *Tyler* v. *Judges of Court of Registration,* 179 U. S. 405.

*Decree affirmed.*