**UNITED STATES ex rel. STOWELL v. DEMING et al., Civil Service Com'rs.**

Court of Appeals of District of Columbia.

Submitted February 8, 1927. Decided May 2, 1927.

No. 4527.

1. Mandamus ⌾➔1, 10—Office of "mandamus" is to enforce, and not to establish, legal right; hence right must be clear and complete.

The office of "mandamus" is not to establish a legal right, but to enforce right already es-

tablished; hence right sought to be enforced must be clear and complete.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mandamus.]

2. Mandamus ⌾➔82—Right of citizen to list of temporary employés of federal service, or for leave to inspect records, held not clear and complete, as affecting right to mandamus.

In action for mandamus to compel civil service commission to furnish relator, a citizen, list of temporary employés in federal departmental service, or to permit relator himself to examine pertinent official records, relator's right *held* not clear and complete; hence writ was properly denied.

3. Mandamus ⌾➔10—Mandamus should not issue, unless law imposes clear ministerial duty on defendant.

Mandamus should not issue, unless the law imposes clear ministerial duty on defendants to comply with request which relator makes.

4. Mandamus ⌾➔7—Mandamus is extraordinary remedial process, awarded, not as matter of right, but in exercise of sound judicial discretion.

Under District of Columbia Code, and as general rule, mandamus is an extraordinary remedial process, which is awarded, not as matter of right, but in the exercise of sound judicial discretion.

Appeal from Supreme Court of District of Columbia.

Action for mandamus by the United States, on the relation of Ellery C. Stowell, against William C. Deming and others, Civil Service Commissioners of the United States. From a decree for defendants, relator appeals. Affirmed.

E. C. Stowell and A. H. Putney, both of Washington, D. C., for appellant.

Peyton Gordon and L. A. Rover, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a judgment of the lower court dismissing a petition in mandamus, filed by relator against the civil service commissioners of the United States, to compel them to furnish relator a list of the temporary employees in the federal departmental service, or to permit relator himself to examine the pertinent official records in their possession.

The petition alleges that the relator is a citizen of the United States, and defendants are the civil service commissioners of the United States; that the relator possesses, in common with all other citizens, an inalienable

right to be informed, or to be put in a position where he can inform himself, as to the names of all persons holding office or employment under the United States, except employees whose connection with the government must be kept secret for reasons of public policy, and that it is his right as a citizen to be informed as to the workings and operation of the civil service system of the United States; that it is one of the duties of the civil service commissioners to keep a list of all employees under the so-called classified service of the United States, including a record of the homes of all temporary employees in the departmental service in the city of Washington, and that the office of the civil service commission is the only office in which all of these names are to be found; that on March 24, 1926, relator demanded of the defendants officially that they either furnish him a complete list of the temporary employees at that time in the federal departmental service, or permit relator to examine the pertinent official records in their possession; that relator sought this information because it has been said that the Chief of the Bureau of Efficiency "has prostituted the appointing power of his office," whereas it is the duty of the commissioners to watch over the application of the merit principle; that the commissioners have refused to grant either alternative of relator's request. Wherefore relator prays for a writ of mandamus to compel them either to furnish the list requested by relator or to permit relator to examine the pertinent records for himself.

The defendants answered, admitting that relator had made the demands upon them alleged in the petition, and admitting that the office of the civil service commission is the only office in which all of the names of the employees under the classified service of the United States are to be found, but alleging that these records are kept on separate and individual cards approximating about 500,000 in number, and that to furnish relator the lists demanded by him would impose such labor upon their employees as to interfere with the orderly transaction of their duties, and also that many of the records contain confidential information, which should not be made public; that the demand of relator for leave to himself examine "the pertinent records" is vague and indefinite, and cannot be granted without at the same time disclosing confidential information, which in the judgment of defendants should not be disclosed.

Relator demurred to the answer, the court overruled the demurrer, and relator appealed. The demurrer, of course, searched the record, and the sufficiency of the petition is after all the underlying question presented by the appeal.

[1] The purpose of mandamus is not to establish a legal right but to enforce one already established; hence the legal right of relator to the performance of the particular act of which performance is sought must be clear and complete. It has been said with good reason that the right to its performance must be so clear as not to admit of reasonable doubt or controversy. The right involved must also be substantial, and not a mere abstract right. When brought against public officers in a case like this, the duty sought to be enforced must be ministerial only, and not within defendants' discretion. 38 Corpus Juris, 582 et seq.

[2] In our opinion, the right alleged by relator in this case is not clear and complete. It is founded upon the "inalienable right" of every citizen to be informed, or to be permitted to inform himself, as to the names of all persons holding office or employment under the government, except in confidential instances, and also to be informed as to the workings of the civil service system of the government. The exercise of such a right, however, must necessarily be subject to restriction and regulation. If relator is entitled to make an investigation of defendants' records, it follows that every other citizen may demand the same privilege. This likens the present case in principle to that of Frothingham v. Mellon, 262 U. S. 447, 487, 43 S. Ct. 597, 601 (67 L. Ed. 1078), wherein Mr. Justice Sutherland spoke for the court as follows: "If one taxpayer may champion and litigate such a cause, then every other taxpayer may do the same, not only in respect of the statute here under review, but also in respect of every other appropriation act and statute, whose administration requires the outlay of public money, and whose validity may be questioned. The bare suggestion of such a result, with its attendant inconveniences, goes far to sustain the conclusion, which we have reached, that a suit of this character cannot be maintained."

The right alleged by relator is not certain, complete, and substantial, so as to entitle him to a writ of mandamus. Relator avers that it has been said that the Chief of the Bureau of Efficiency has failed to properly perform his duties, and that relator as a citizen proposes to make an investigation of the subject. Relator's desire for information is not a sufficient basis for a writ of mandamus. Merrill, Law of Mandamus, § 14; U. S. ex rel. Alsop Process Co. v. Wilson, 33 App. D. C. 472.

[3] Again, the writ sought by relator should not issue unless the law imposes a clear ministerial duty upon defendants to comply with

the request which relator made upon them. No such legal duty is shown in this case. Defendants' duties are defined by statute and regulations, whereby the records in question are intrusted to their custody and control, and no provision is shown which mandatorily requires them to furnish copies thereof to private citizens upon request, or in the alternative to grant personal access to the records to all private citizens applying therefor.

[4] Moreover, under the Code of the District of Columbia, as on general principle, mandamus is an extraordinary remedial process, which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion. It will not issue to direct an act which will work a public mischief. Duncan Townsite Co. v. Lane, Secretary of the Interior, 245 U. S. 308, 38 S. Ct. 99, 62 L. Ed. 309; U. S. ex rel. Arant v. Lane, Secretary of the Interior, 249 U. S. 367, 39 S. Ct. 293, 63 L. Ed. 650. We are convinced that sound discretion for the prevention of public inconvenience leads to the denial of mandamus as applied for in this case. See Newman v. U. S. ex rel. Frizzell, 238 U. S. 537, 35 S. Ct. 881, 59 L. Ed. 1446; Fairchild v. Hughes, 258 U. S. 126, 42 S. Ct. 274, 66 L. Ed. 499.

We have examined the authorities cited by relator, but they are founded in part upon special statutes, or relate to limited jurisdictions, and we do not regard them as controlling here.

The decree of the lower court is affirmed, with costs.