### UNITED STATES ex rel. COLLIER v. HILL et al.

### No. 60.

District Court, M. D. Pennsylvania.
Jan. 10, 1935.

Ambrose E. Collier, in pro. per.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondents.

JOHNSON, District Judge.

This case comes before the court on a petition for a writ of mandamus by an inmate of the United States Northeastern Penitentiary against the warden and chief clerk thereof.

The petition in substance avers that the warden and chief clerk, who have custody of petitioner's funds, refuse to allow him to make disbursements therefrom, and prays for a writ of mandamus to compel the respondents to desist from withholding the said funds so that the petitioner will be enabled to make such disbursements as other inmates of said penitentiary are permitted to do.

The respondents filed an answer averring that the mandamus is not the proper remedy and set forth numerous reasons and allegations in support thereof. Among other things, the answer avers that the respondents do not have custody of the petitioner's funds; that there is a dispute as to the legal ownership of the funds in question since they were received in the form of checks payable to the "All American Press," which funds have been claimed by John F. Collier, a brother of the petitioner; that the duty sought to be performed involves the exercise of discretion under the rules governing inmates of federal penitentiaries.

Before this court can properly pass on the propriety of this petition, the title to the funds in question must be established by an appropriate action at law. It is not the purpose of mandamus to establish a legal right but to enforce one already established. United States ex rel. Stowell v. Deming, 57 App. D. C. 223, 19 F.(2d) 697.

It appears from the answer that the respondents do not have custody of the funds in question, but that, in pursuance of pris-

on regulations, they were deposited with the Treasurer of the United States subject to disbursement by the disbursing clerk of the United States Northeaste Penitentiary. It further appears from the answer that the duty sought to be enforced involves the exercise of discretion under the rules promulgated for the governance of inmates of penal institutions in accordance with the provisions of the Act of May 27, 1930, § 5, 18 U. S. C. § 905 (18 USCA § 905). Under such circumstances mandamus will not lie.

The writ of mandamus is an extraordinary remedy, available where ordinary remedies fail or are inadequate. Henderson Tire & Rubber Co. v. Reeves (C. C. A.) 14 F.(2d) 903. "It will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." United States v. Wilbur, 283 U. S. 414, 51 S. Ct. 502, 504, 75 L. Ed. 1148.

Since the right to the funds in question is in dispute and must first be established by an appropriate action, the writ of mandamus to compel the warden and his chief clerk to pay the funds in question to the petitioner will not lie and, therefore, the petition for the writ must be dismissed and the alternative writ of mandamus discharged.

And now January 10, 1935 it is ordered that the petition for a writ of mandamus be and the same hereby is dismissed and the alternative writ of mandamus discharged.