FRANCIS B. SCHIPPER v. CHESTER BOWLES, GOVERNOR OF THE STATE OF CONNECTICUT

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 84559

Memorandum filed June 28, 1949

*Ephraim E. Sinn,* of Milford, for the Plaintiff.

*William L. Hadden,* Attorney General, and *Jack Rubin,* Assistant Attorney General, of Hartford, for the Defendant.

TROLAND, J. The plaintiff is a registered elector of the city of New Haven. He seeks from this court a declaratory judgment determining whether the proposed amendment to Article XX of the amendments to the constitution of Connecticut, concerning the appointment of judges of minor courts, was approved under Article eleventh of the constitution.

It appears from the complaint that on December 16, 1948, James C. Shannon, then governor of Connecticut, by proclamation declared said proposed amendment approved by a majority of the electors present at the various town meetings held for that purpose, and that it was a valid amendment to the constitution of the state.

The plaintiff alleges that the majority of the electors present at the meetings held for the purpose of voting on said proposed amendment did not approve said amendment; that there are no official records in the office of the secretary of state disclosing the number of electors who were present at the various town meetings called to vote on said amendment; and that there was no legal or factual basis upon which the statement in the governor's proclamation could be predicated.

The plaintiff concedes that a majority of those who voted on the issue whether the proposed amendment should be adopted, voted in favor thereof, as appears from the report of the canvass of the vote by Frances Burke Redick, secretary, Joseph A. Adorno, treasurer, and Fred R. Zeller, comptroller.

The plaintiff claims that the governor is preparing to nominate judges of the minor courts, and then sets forth his complaint which is that "The appointment, without clear constitutional

authority, of judges to the minor courts would seriously jeopardize the administration of justice in the State of Connecticut and would cause special hardship upon all litigants in these courts."

The defendant has demurred to the complaint on three grounds. The first is that the plaintiff has no interest, legal or equitable, which is in danger of loss or of uncertainty as to his rights or other jural relations.

This ground of demurrer appears to be well taken. It does not appear that the plaintiff has sustained or is in immediate danger of sustaining any direct injury if the governor nominates the minor court judges as proposed. If the plaintiff should suffer at all it will be in some indefinite way in common with people generally.

The plaintiff is not a judge of a minor court, he has not been tendered an appointment to such office and he is not a litigant in one of the minor courts. He is not resisting the operation of a law which threatens to harm his liberty, property or other rights. He claims no special interest in the subject matter of the complaint, and it appears that he is not more particularly affected than other people. The plaintiff also does not set up or claim any danger of loss or of uncertainty as to his rights or other jural relations.

The second ground of demurrer is that there is no actual bona fide and substantial question in dispute or substantial uncertainty of legal relations which require settlement between the plaintiff and defendant. There is no controversy between the plaintiff and the defendant. There is no issue in dispute or uncertainty of legal relations which requires settlement between them.

To be sure the plaintiff alleges in paragraph 10 of his complaint that there are actual, bona fide and substantial questions and issues in dispute between the parties, and substantial uncertainty of legal relations between them which require settlement and judicial determination, but the court treats that paragraph as a pleading of a legal conclusion based on the earlier paragraphs, rather than an allegation of fact. To hold otherwise would be to be blind to the obvious.

The plaintiff has only the right possessed by every citizen, to require that the government be administered according to law. His alleged interest in the question submitted is not such as to afford a basis for this proceeding. *Rindge* v. *Holbrook,* 111 Conn. 72, 75; *Fairchild* v. *Hughes,* 258 U. S. 126, 129.

The third ground of demurrer challenges the right of the plaintiff to a declaratory judgment in this action because all persons having an interest in the subject-matter of the complaint have not been made parties to the action. Consideration of this ground of demurrer involves much of the subject discussed above.

If the amendment to the constitution was not lawfully adopted, the General Assembly which is required thereunder to provide by law for the manner and term of the appointment of the judges is interested. The present incumbents of the minor courts are likewise directly interested. There may be others.

Persons whose rights would be directly affected but who are not parties to the action directly or through representation would not be estopped by the judgment rendered herein. Our law provides a method whereby such interested persons may be made parties, or put on notice. Consideration of the necessity for so doing emphasizes the strength of the defendant's claim that the present plaintiff is not entitled under the law to pursue his present action.

The plaintiff lays great stress in argument and in his brief on the fact that in the case of *Lyman* v. *Adorno,* 133 Conn. 511, the plaintiff Lyman, as a "citizen, resident and taxpayer of this State," was able to secure a declaratory judgment as to the constitutionality of an act of the General Assembly granting a bonus to veterans of the late war, without his right to such an opinion being questioned by the defendant in said case or by the court. The plaintiff says if Lyman's interest was recognized in that case, Schipper's interest should be recognized in this case. The court is of the opinion that the decided case is not authority for holding that Francis B. Schipper has a sufficient interest to enable him to pursue the present action.

The demurrer is sustained on all grounds.