**UNITED STATES v. McLAREN,**
**No. 1349.**

United States District Court
E. D. Tennessee, N. D.
May 25, 1950.

Otto T. Ault, U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

Olen Henderson, Oak Ridge, Tenn., L. B. Bolt, Jr., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Plaintiff has moved for summary judgment on its complaint for recovery of possession of a housing unit designated as 103 Norman Lane, Oak Ridge, Tennessee, for damages for use, occupancy, utilities furnished, and services rendered, and for costs.

Defendant became occupant of the housing unit under a license agreement of January 7, 1948, between the defendant and Roane-Anderson Company, the latter acting as agent of the Atomic Energy Commission, which is an agency of the Government. The agreement is revocable by its terms at the will of the Commission, or by Roane-Anderson Company with the approval of the Commission upon thirty days' notice to the licensee. It is revocable for cause upon shorter notice.

Defendant's situation is somewhat peculiar in that while occupying the premises under the license agreement of January 7, 1948, he refused to sign a new and different license agreement tendered to him for signature sometime after April 27, 1949. By letter from Roane-Anderson Company of April 27, 1949, he was notified that the license agreement

of January 7, 1948, was revoked, the revocation to be effective May 31, 1949. The letter further stated: "If you in-tend to continue to occupy this residential unit after May 31, 1949, it will be necessary for you to execute a new License Agreement and return it to the Company Housing Division Office, prior to June 1, 1949." Defendant refused to sign the new agreement but did continue to occupy the premises, and he avers that he is paying compensation for the occupancy as required by the new agreement, and that Roane-Anderson Company has so far accepted the same. By letter of September 16, 1949, defendant was again called upon to sign the new license agreement and was informed that if he did not sign it in the form in which it was tendered to him his alternative would be to vacate on or before October 31, 1949. He neither signed nor vacated.

In his answer to the complaint, defendant avers in substance that transition from occupancy under the original license to occupancy under the new would, if he signed the new agreement, be attended by coercion and resultant relinquishment of rights, the rights being those allegedly acquired because of promises made by Roane-Anderson Company to make certain repairs and improvements in and about the occupied housing unit. Paragraph 11 of the unsigned instrument is as follows:

"Licensee agrees that no representations as to the condition or repair of the premises has been made by Licensor which is not incorporated herein, and that no agreement or promise to decorate, alter, repair, or improve said premises, not incorporated herein, has been made by Licensor."

The alleged promises are claimed to have been made during the period of the original license agreement. Defendant's view was, and is, that if he signed the new agreement the quoted provision would foreclose him from asserting existing rights against the plaintiff or the agent Roane-Anderson Company. As defendant was already an occupant of the premises, the quoted language does suggest such a result. Had he not been currently an occupant, the quoted language would have had no application except as to occupancy under the new agreement. As there has been no interruption in occupancy, but merely an attempt to impose upon the occupant new and different terms, it is difficult to see that one does not merge into the other.

On behalf of the Government, it is urged that defendant at best has no more than a cause of action for damages for breach of promises to improve and repair, that the cause of action, if any, has accrued as a resultant to occupancy under the original agreement, and that such cause of action does not include a right to continue in occupancy of the premises. It is the Government's position that the original agreement has been revoked and that the present occupancy is unauthorized and illegal.

If it is true, as claimed by defendant, that plaintiff's agent has been accepting occupancy compensation payments in accord with the terms of the new agreement, this might be construed as a negation of any demand that defendant vacate the premises. Examination of the exhibits filed with the pleadings and motion does not disclose an unequivocal revocation of the right of occupancy, coupled with an unequivocal order to vacate. The nearest approach thereto is contained in the letter of September 16, 1949, from an Oak Ridge representative of the Atomic Energy Commission and addressed to defendant: "In the event you do not execute the License and deliver same to Roane-Anderson Company in accordance with the terms of this request, you are hereby given formal notice to vacate the premises on or before October 31, 1949." The same letter concludes: "It is hoped that you will elect to sign and deliver the License to Roane-Anderson Company as requested in order that continued occupancy of your residence may be authorized." Although commencement of this suit might be con-

strued as an unequivocal revocation of the original license agreement and a demand upon defendant to vacate the premises, in order to establish a clear right to the relief prayed the Government should show that there has been a revocation of the agreement in conformity with its terms. The record approaches this requirement, but does not meet it. As presently made, the record indicates an attitude toward the defendant something like this: "If you wish to stay in, you will have to sign the new agreement; if you do not sign it, you will have to get out. But in the meantime we shall continue to accept your money."

■ Plaintiff's motion for summary judgment for the relief prayed in the complaint will be denied, but the alternative relief sought in the motion will be granted. What has been said hereinabove will suggest the real controversy involved. Before the Court can grant the relief prayed by plaintiff, it must appear that the Government has put itself in a position to demand unequivocally that the housing unit be vacated and that it is not using legal process as an instrument of coercion to enforce acceptance by defendant of the new agreement.

In order that the matter in controversy may not be unduly clouded when the case comes on for further hearing, certain points tendered as issues by defendant's answer will be presently disposed of. Defendant's charge that the new agreement is illegal and against public policy and morals, because it violates the Fourth and Fifth Amendments of the Constitution of the United States and because its execution by defendant would be in violation of Article I, § 2 and § 7, of the Constitution of the State of Tennessee, does not present a justiciable question. Until he has become subject to the proposed new agreement, defendant is not aggrieved by its terms. Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; Fairchild v. Hughes, 258 U.S. 126, 42 S.Ct. 274, 66 L.Ed. 499; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688. Defendant's demands that plaintiff produce and make a part of the record any housing policy formulated by Roane-Anderson Company, together with the authority under which it promulgated such policy; that in furtherance of this demand the Atomic Energy Commission and Roane-Anderson Company be made parties to this suit; that because of alleged confusion and controversy in the relations between plaintiff and defendant and other occupants of housing units at Oak Ridge, Tennessee, the Court declare the rights and other legal relations of the defendant and the plaintiff and the plaintiff's said agent regarding said premises located at 103 Norman Lane, Oak Ridge, Tennessee, are substantially the same in classification as demands made and rejected by this Court in the case of United States v. Hodge, D.C., 89 F.Supp. 25.

■■ "The defendant further prays the Court to enter a declaratory judgment declaring the illegality of Section 3 of said proposed new License Agreement, as well as other provisions of said document, which are made an issue in this answer. Defendant prays the Court to enjoin the plaintiff and its agent from enforcing or attempting to enforce any of the provisions of said proposed new License Agreement found to be illegal or unconstitutional, insofar as this defendant is concerned." To which the answer is, that defendant is in no position to question the legality of the provisions of the proposed new agreement, since he has refused to become a party to it, and the Court is not permitted to adjudicate hypothetical cases. Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541; Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730.

Let an order be prepared, limiting the issues as indicated in this opinion.