## Allegheny Police Pension Fund v. Dinan

Before Marshall and Weiss, JJ.

*T. Robert Brennan* and *Brennan & Brennan*, for plaintiff.

*Nathaniel K. Beck*, Allegheny County solicitor, and *John G. Brosky*, assistant county solicitor, for defendant.

WEISS, J., December 5, 1951.—Plaintiff's complaint is an action of mandamus against Charles F. Dinan, Treasurer of Allegheny County, praying for judgment against defendant, compelling defendant to deliver a warrant of the State Treasurer of the Commonwealth of Pennsylvania in the amount of $8,509.03 to plaintiff. Defendant filed an answer, whereupon plaintiff moved for judgment on the pleadings. The matter now comes before this court en banc on this motion.

## Facts

Plaintiff under the averments and admissions in the pleadings is an incorporated nonprofit corporation and is the bona fide and recognized pension fund for police officers of Allegheny County. Defendant is the Treasurer of Allegheny County.

On August 27, 1951, Weldon B. Heyburn, Auditor General of the Commonwealth of Pennsylvania, forwarded to defendant as County Treasurer a warrant drawn by the Commonwealth of Pennsylvania on the Mellon National Bank and Trust Company, Pittsburgh, Pa., being RG warrant no. A 159708 dated August 27, 1951, in the sum of $8,509.03. This warrant represents the distributive share of the Foreign Casualty Insurance Fund allocated by the Auditor General to the Allegheny County Police Pension Fund under Act No. 39 of 1951, approved by the Governor on May 10, 1951. This act was an amendment and re-enactment of the Act of May 12, 1943, P. L. 259, as amended. The original Act of 1943 applied to police

pension funds of cities, boroughs, towns and townships and in certain cases to the municipal employes' retirement systems and pension annuity contracts. Act No. 39 of 1951 extended these benefits to certain county police pension funds. Allegheny County is the only county in the Commonwealth of Pennsylvania having a police force and therefore the only county police pension fund to which the act now applies.

Upon receipt of the warrant, defendant refused to endorse the warrant over to the Allegheny County Police Pension Fund or to deposit the warrant to his account to pay over the proceeds to the Allegheny County Police Pension Fund. According to defendant's answer, his reason for this failure is "that in view of section 2 of Act No. 39 of 1951 restricting county police pension fund participation to all moneys received from the aforesaid tax in the year 1951 and thereafter, said warrant was issued contrary to law and is therefore not lawfully acceptable by defendant for any purpose."

### Questions of Law Involved

1. Are the duties of the county treasurer purely ministerial under the act?

2. Does the legal interpretation of section 2 of Act No. 39 of 1951 prohibit the Auditor General and/or the State Treasurer from making the disbursement to the Allegheny County Police Pension Fund?

3. Is plaintiff entitled to a judgment on the pleadings?

### Discussion

The facts in the instant case are controlled by Act of May 10, 1951, P. L. The pertinent provisions of the said Act are set forth as follows:

Article 1, section 2:

"(a) On and after the first day of January, one thousand nine hundred and forty-nine and annually

thereafter, there shall be paid by the State Treasurer to the treasurers of the several municipalities and counties within the Commonwealth, and to the State Employes' Retirement Fund for State police pension and retirement purposes, the entire amount received from the two per centum tax paid upon premiums by foreign casualty insurance companies.

"(d) All monies paid to the treasurer of any municipality or county shall be forthwith paid, or credited, to the pension or retirement fund, or the premium on the pension annuity contract, as the case may be, to provide pension retirement or disability benefits for the policemen of such municipality or county, or the dependents of such policemen. All monies paid into the State Employes' Retirement Fund shall be credited, in equal proportions, to the State annuity accounts of the members of the State Police who are contributing members to such fund.

"(e) Warrants for the above purposes shall be drawn by the Auditor General, payable to the treasurers of the several participating municipalities, participating counties, and to the State Employes' Retirement Fund, in accordance with this Act."

As a general rule, it may be stated that mandamus lies where there is a clear legal right in the relator, a corresponding duty on defendant, and the absence of any other adequate, appropriate and specific remedy: Commonwealth ex rel. Duffy v. Hanover and Carlisle Turnpike Road Co., 9 S. & R. 59. Mandamus is an extraordinary remedy available where ordinary remedies fail or are inadequate, and the writ will issue only where the duty to be performed is ministerial, clear, and indisputable, and obligation to act peremptory. See United States ex rel. Collier v. Hill et al., 9 F. Supp. 422, 12 Northumb. L. J. 36.

This court must, therefore, construe the above-

quoted Act of May 10, 1951, to determine if the duty imposed upon the Treasurer of Allegheny County is one which is purely ministerial.

An examination of subsection (d), as set forth above, reveals the direction that "all moneys paid to the treasurer of any municipality or *county* shall *be forthwith paid* . . .". (Italics supplied). The wording of the statute is clear, concise and explicit in setting forth the duty of the county treasurer. His only duty is that upon receipt of the disbursement of the Foreign Casualty Insurance Fund from the Auditor General he must forthwith pay it to the proper parties. The act does not give him any discretionary powers to go off on fishing expeditions or conduct investigations in regard to the validity of the disbursement, he is under a *mandatory obligation to forthwith pay the amount so received.* We feel, therefore, that the Act of 1951 is explicit in requiring the county treasurer to forthwith pay any disbursements so received and that this duty is purely ministerial insofar as the paying of any sums so received *does not and should not require* the exercise of any discretion in determining whether the amount so disbursed has been done so lawfully. Any and all discretion that has been vested in this matter lies solely with the Auditor General and, since in the instant case, he saw fit to forward a warrant in the amount of $8,509.03 to the county treasurer, that amount must be forthwith paid. In the event that payment has been delayed as here, *mandamus is the proper remedy and will lie to compel the Treasurer of Allegheny County to transmit the warrant so received to the Allegheny County Police Pension Fund.*

Having concluded that in the instant case the duty of the county treasurer was purely ministerial it will be unnecessary to inquire into the legality of the payment under the act.

Inasmuch as the complaint in mandamus states a cause of action requiring a public officer to do a purely administrative act, and inasmuch as defendant did not deny the material facts alleged in the complaint, this court, therefore, grants plaintiff's motion for judgment on the pleadings.