C. E. SCHAEFFER et al. for themselves and others similarly situated in the State of Mississippi, Plaintiffs,

v.

Joe SHARP et al., Defendants.

Civ. A. No. 4704.

United States District Court,
S. D. Mississippi,
Jackson Division.

July 2, 1971.

James Leon Young, Jackson, Miss., for plaintiffs.

Martin R. McLendon, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants.

Before CLARK, Circuit Judge, and COX and NIXON, District Judges.

PER CURIAM:

The plaintiffs institute and seek to maintain this class action for themselves and (in effect) for the ultimate use and benefit of the larger and wealthier of the eighty-two counties in the state of Mississippi who are allegedly discriminated against by three statutes of the state of Mississippi which provide for the allocation and distribution among the counties of excise tax funds collected by and belonging to the state of Mississippi. These tax funds never belonged to any plaintiff, and not one of the named plaintiffs or the class of plaintiffs here has any personal interest in, or personal benefit to be derived from the recovery sought.[1] The eighty-two

---

1. It was provided and agreed in section 5 and section 6 of the Stipulation of counsel for the parties as follows: "5.

Plaintiffs do not claim for themselves, or any members of the class purported to be represented by them, that any of

counties in Mississippi are not parties to this suit. These plaintiffs seek a judgment of this court to the effect that these statutes for the allocation of funds derived by the state from sales taxes and petroleum taxes are constitutionally invalid for the reason that such formula for the division of said tax funds among the eighty-two counties of Mississippi has no relation to any legitimate plan or purpose, but is arbitrary and capricious in nature.[2]

The threshold question in this case is as to the jurisdiction of this court of such a claim by these parties. The defendants insist that this is a suit by its citizens against the state of Mississippi in violation of the Eleventh Amendment. We disagree with that contention.[3] But the court of its own motion raises the question as to the jurisdiction of this court to entertain this suit by these parties in the face of the Real Party in Interest Rule appearing as Civil Rule 17(a).[4] No exception mentioned in the rule exists in this case to allow these citizens and taxpayers the right to question the validity of these statutes in which they have no more than a general interest in common with all members of the public.[5] The real parties in interest are indispensable as necessary parties to question the validi-

---

the funds, the distribution of which is sought to be enjoined herein, should be expended for the exclusive use and/or benefits of the Plaintiffs and the members of the class purported to be represented by them. 6. Plaintiffs do not claim for themselves, or any members of the class purported to be represented by them, that they, or any of them, are entitled to a direct distribution of any of the funds sought to be effected by this litigation."

2. These statutes appear as § 10013-38(b) Mississippi Code 1942 providing for the apportionment of petroleum taxes, § 10127 Mississippi Code 1942 providing for the allocation of sales taxes in municipalities and counties, and § 8035-01 Mississippi Code 1942 providing for state aid roads in counties and, for a percentage of participation by county.

3. The principles enunciated by the court in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 dispel any support for such contention.

4. Civil Rule 17(a) provides: "(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

5. Ex parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 provides: "It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public. Tyler v. Judges of Court of Registration, 179 U.S. 405, 406, 21 S.Ct. 206, 45 L.Ed. 252; Southern Railway Company v. King, 217 U.S. 524, 534, 30 S.Ct. 594, 54 L.Ed. 868; Newman v. United States ex rel. Frizzell, 238 U.S. 537, 549, 550, 35 S.Ct. 881, 59 L.Ed. 1446; Fairchild v. Hughes, 258 U.S. 126, 129, 42 S.Ct. 274, 275, 66 L.Ed. 499; Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078."

United States v. 936.71 Acres of Land, More or Less, Situated in Brevard County, State of Florida, et al., 418 F.2d 551, 556 holds: "A party has standing to prosecute a suit in the federal courts only if he is the 'real party in interest' as that term is defined under Fed.R. Civ.P. 17(a). The stricture applies to intervenors as well as plaintiffs. Celanese Corp. v. John Clark Indus., Inc., 5 Cir. 1954, 214 F.2d 551, 556. Whether a person is a real party in interest depends upon his substantive rights, which, in diversity cases and cases like the

ty of a legislative enactment for invidious and arbitrary action. While the legislative body is accorded a wide range of discretion in the disposition of public funds, still it may not resort to arbitrary schemes to appropriate and distribute such public funds without some legitimate plan and purpose related to such action. Such a claim may be instituted against the state under the Young doctrine without violating the Eleventh Amendment. This is such a suit here, but the necessary parties in interest do not appear as the real parties in interest to this suit. It may be and is seriously doubted on sound authority that even a county has any power, or authority to attack the constitutional validity of a statute in its own state. But it may not be doubted that these individual plaintiffs and their class whom they seek to

represent simply do not constitute the real parties in interest who are entitled to institute and maintain this action.

■■ There is basically another fundamental reason why this suit cannot be maintained by these plaintiffs who have no right of action against these defendants. They have no standing in this court to sue on a claim in which their interest is the same as that of any other citizen and taxpayer. A Federal court derives its judicial power and authority from Article III, Section 2 of the Federal Constitution which is limited to cases and controversies. The standing to sue rule simply requires that a plaintiff have the right of action which he is entitled to pursue in his own right for relief withheld from him by his adversary.[6] It is, therefore, the opinion

present one, are determined by state law. American Fidelity & Cas. Co. v. All Amer. Bus Lines, 10 Cir. 1950, 179 F.2d 7. The authorities agree, moreover, that a party has no standing to assert a right if it is not his own. Thus, Professor Moore said of the real-party-in-interest rule at the time of its incorporation in the Federal Rules: 'Its meaning perhaps would be more accurately expressed if it read: An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.' Moore, Federal Rules of Civil Procedure: Some Problems Raised by the Preliminary Draft, 1937 Geo.L.J. 551, 564."

In Ashwander, et al. v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 483, 80 L.Ed. 688 the Federal Supreme Court said: "The Court will not pass upon the validity of a statute upon complaint of one who fails to show that he is injured by its operation. Tyler v. Judges, etc., 179 U.S. 405, 21 S.Ct. 206, 45 L.Ed. 252; Hendrick v. Maryland, 235 U.S. 610, 621, 35 S.Ct. 140, 59 L.Ed. 385. Among the many applications of this rule, none is more striking than the denial of the right of challenge to one who lacks a personal or property right. Thus, the challenge by a public official interested only in the performance of his official duty will not be entertained. Columbus & Greenville Ry. Co. v. Miller, 283 U.S. 96, 99, 100, 51 S.Ct. 392, 75 L.Ed. 861. In Fairchild v. Hughes, 258 U.S. 126, 42 S.Ct. 274, 66 L.Ed. 499, the Court affirmed the dismissal of a suit

brought by a citizen who sought to have the Nineteenth Amendment declared unconstitutional. In Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078, the challenge of the federal Maternity Act was not entertained although made by the commonwealth on behalf of all its citizens."

6. The basic principles of this rule are stated in Herpich, et al. v. Wallace, et al., (5 C.A.) 430 F.2d 792, 805 thusly: "The law of standing has been concerned almost entirely with public law questions such as determinations of constitutionality and review of administrative or other governmental action. Every plaintiff in the federal courts, however, must satisfy the court that he is a proper party to maintain the action he brings— that he has a personal stake in the outcome of the controversy. See Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968); Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). 'The various rules of standing applied by federal courts have not been developed in the abstract. Rather, they have been fashioned with specific reference to the status asserted by the party whose standing is challenged and to the type of question he wishes to have adjudicated.' Flast v. Cohen, 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968)." To the same effect see Association of Data Processing Service Organizations, Inc., et al v. William B. Camp, Comptroller, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184.

of this court that it has no jurisdiction of this claim of these plaintiffs for the reasons stated, and this suit will be dismissed unless a proper claim is presented and filed by the real parties in interest having some standing to sue in this case in this court before August 1, 1971.

Nothing herein is decided as to the identity of the real parties in interest or persons having standing to sue, but these plaintiffs before the court surely lack such capacity. A reasonable time is allowed herein for rectification of such deficiency by an amended complaint which must be presented to the court and filed within said time to escape dismissal of this claim without prejudice.

■■■ The Director of the Mississippi Highway Department, as a former experienced legislator during recent years in the Mississippi Legislature, made it crystal clear that the statutes attacked had not just one, but several very valid purposes which amply supported the validity of these statutes even with such disparities apparent on the face of these enactments in the allocation of these public funds. Such purposes for the division of such funds related to sound objectives and valid alternatives within the legislative reach and grasp.[7] It would not appear likely, as it does not appear likely to this court at this time, that it can be established by anybody by a preponderance of the evidence that this legislation is arbitrary and capricious, and invidious for lack of support by any valid legislative reason, or purpose related to the plan of these statutes. The judges agree in this connection with the principles stated by the Supreme Court of Mississippi, speaking of these same statutes in McCullen, Motor Vehicle Comptroller, et al. v. State ex rel. Alexander, District Attorney, for the Use of Hinds County, 217 Miss. 256, 63 So.2d 856 where the court said: "The Legislature no doubt had in mind further that wealthy counties like Hinds already have a large number of hard-surfaced roads and a vast majority of its other roads improved by gravel surface, while some of the poorer counties have no hard-surfaced county roads and comparatively few roads that are improved to any extent. Unquestionably it must be conceded that these considerations were in the mind of the Legislature when it determined that there should be a more equitable distribution of the gasoline tax to the counties. It must be borne in mind that the excise tax on gasoline is levied and collected by the State and belongs · to the State; the State can keep all of it, and it is a matter of grace only with the Legislature that a portion of the tax is distributed to the counties; in other words, no county has any vested right in any portion of the gasoline tax money except such right as the Legislature may grant, and the Legislature has the power to distribute a portion of the tax in any manner, upon any basis, and under any formula which it may prescribe."

A proper order to such effect will be prepared and entered by the court.

---

7. A legislature is necessarily vested with a wide discretion in its disposition of public funds. A Federal court is not a watchdog over its processes and statutes. In an attack upon such legislation, the presumption of validity of such a statute is so great that every possible reason supporting its validity must be negated. In Madden v. Commonwealth of Kentucky, 309 U.S. 83, 60 S.Ct. 406, 408, 84 L.Ed. 590 the court said: "Since the members of a legislature necessarily enjoy a familiarity with local conditions which this Court cannot have, the presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it."