**Samuel H. SLOAN, Plaintiff,**

**v.**

**Richard M. NIXON, et al., Defendants.**

**No. 73 Civ. 2230.**

United States District Court,
S. D. New York.

July 25, 1973.

Samuel H. Sloan, pro se.

Paul J. Curran, U. S. Atty., S. D. N. Y. (Naomi L. Reice, Asst. U. S. Atty., of counsel), for the United States.

BAUMAN, District Judge.

Plaintiff Samuel H. Sloan, pro se, commenced this action to enjoin the President and Vice-President of the United States from continuing in their offices and, further, to annul the appointments of the Chief Justice of the United States and three Associate Justices of the Supreme Court. The United States moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This I was sorely tempted to do at the oral argument and, upon considerable reflection, I conclude I should have yielded to the temptation. The complaint is utterly without legal foundation and, while over a lifetime I have seen many misguided lawsuits, this must be the nadir.

Plaintiff's complaint is premised on the allegation that the reelection of the President and Vice-President in 1972 "involved criminal activities and illegal operations" and that "these activities had a direct effect on the results of the election." He concludes that the election was "improper and invalid" and should be set aside because his civil and voting rights were violated by their assumption of office on January 20, 1973.

The four Justices, he alleges, participated in a scheme to secure the Democratic nomination of Senator George McGovern by making decisions in two cases helpful to the McGovern cause. Recognizing that they entered upon their duties prior to the 1972 election, plaintiff contends, in an allegation typical of the complaint as a whole, that the "serious irregularities which took place in the 1972 presidential election causes one to suspect that there were similar irregularities and cases of criminal misconduct in the 1968 Presidential Election."

The Government's motion to dismiss is based on three grounds. It claims that: (1) Plaintiff lacks standing to challenge the validity of an election; (2) the complaint presents only nonjusticiable questions of a political nature; and (3) it fails to state a claim upon which relief can be granted. Since the complaint is so utterly lacking in merit, I shall deal only with the "standing" contention, the resolution of which is dispositive of the case.

Where standing is placed in issue the question becomes: Is the person whose standing is challenged a proper party to request an adjudication of the particular issue? Flast v. Cohen, 392 U.S. 83, 100, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Cf. Gilligan v. Morgan, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). "The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional

**230**

questions.'" Flast v. Cohen, supra, 392 U.S. at 99–100, 88 S.Ct. at 1952.

In Ex Parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937), the plaintiff, a member of the bar of the Supreme Court, sought leave to file a petition for an order requiring Mr. Justice Black to show cause why he should be permitted to serve as an Associate Justice of the Supreme Court. The Court held that he did not have standing to bring the action:

> "The motion papers disclose no interest upon the part of the petitioner other than that of a citizen and a member of the bar of this Court. That is insufficient. It is an established principle that to entitle a private individual to invoke the judicial power . . . he must show that he has sustained or is immediately in danger of sustaining a direct injury . . . and it is not sufficient that he has merely a general interest common to all members of the public. Tyler v. Judges, 179 U.S. 405, 406, 21 S.Ct. 206, 45 L.Ed. 252; Southern Ry. Co. v. King, 217 U.S. 524, 534, 30 S. Ct. 594, 54 L.Ed. 868; Newman v. Frizzell, 238 U.S. 537, 549, 550, 35 S. Ct. 881, 59 L.Ed. 1446; Fairchild v. Hughes, 258 U.S. 126, 129, 42 S.Ct. 274, 275, 66 L.Ed. 499; Massachusetts v. Mellon, 262 U.S. 447, 448, 43 S.Ct. 597, 601, 67 L.Ed. 1078." (302 U.S. at 634, 58 S.Ct. at 1).

The vitality of this decision was recently affirmed by the Court in Laird v. Tatum, 408 U.S. 1, 92 S.Ct. 2318, 33 L. Ed.2d 154 (1972), where it noted that the teaching of Ex Parte Levitt has not been eroded.

In the case at bar, plaintiff has not alleged a direct injury, but "merely a general interest common to all members of the public." That is not enough to confer standing.

One of the less attractive aspects of holding high public office is that the ensuing prominence makes the officeholder a tempting target for actions such as this. Although such actions represent an uneconomic waste of judicial time, it is important for our country that every citizen know that a day in court is his even where the highest officers of the nation are the subjects of his complaint.

The complaint is dismissed.

It is so ordered.