[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10999
Non-Argument Calendar

_____

D.C. Docket No. 5:12-cv-04023-AKK

DORETTA JOYCE HOLYFIELD-VEGA,
Min., "The Messenger",

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, THE
Leaders,

Defendant,

ALABAMA SUPREME COURT/
HONORABLE ROY MOORE,
ALABAMA LEGISLATURE MEMBERS,
US SUPREME COURT/
HONORABLE JOHN ROBERTS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 8, 2014)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Doretta Holyfield-Vega appeals pro se the dismissal with prejudice of her complaint for injunctive relief against officials of the United States and the State of Alabama. The district court ruled that Holyfield-Vega lacked standing to sue the officials. We affirm.

The district court correctly concluded that Holyfield-Vega failed to allege that she had suffered an injury in fact. To have standing, a plaintiff must establish that she has incurred an injury to a protected interest that is "concrete and particularized." Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011). Holyfield-Vega alleged that "[t]he removal of pray[er]" from "school and other areas" by federal and state officials violated her right to the free exercise of religion under the First Amendment, but Holyfield-Vega failed to describe how she had been injured by the officials' conduct. Holyfield-Vega argued that she was entitled to proceed "[a]s a concern[ed] United States Citizen," but a plaintiff "does not state an Article III case or controversy" by

2

"claiming only harm to [her] and every citizen's interest in proper application of the Constitution . . . and seeking relief that no more directly and tangibly benefits [her] than it does the public at large," Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 1196 (2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 573–74, 112 S. Ct. 2130, 2143 (1992)); Fairchild v. Hughes, 258 U.S. 126, 42 S. Ct. 274 (1922).  The district court correctly dismissed Holyfield-Vega's complaint for lack of subject matter jurisdiction.

We **AFFIRM** the dismissal of Holyfield-Vega's complaint.