## RICHTER *v.* UNION TRUST COMPANY & Others.

ORIGINAL MOTION IN A CAUSE PENDING ON APPEAL FROM THE CIR-
CUIT COURT OF THE UNITED STATES FOR THE WESTERN DISRICT
OF MICHIGAN.

Submitted April 20, 1885.—Decided May 4, 1885.

On the facts appearing in the averments in the motion and in the affidavits, the court declines to order a commission to take testimony *de bene esse:* there being nothing to indicate that the testimony could not be taken under the provisions of Rev. Stat. § 866.

This was a motion to take testimony *de bene esse* in a cause pending in this court, on appeal. The motion was founded upon the affidavit of appellant that the bill below was taken *pro confesso* as to the Union Trust Company; that the other defendant demurred and the demurrer was sustained, and the cause was here on appeal from the judgment dismissing the bill on the demurrer; that it could not be reached for hearing "until the lapse of at least two or three years from the present date;" that several witnesses, named in the affidavit, by whom the appellant expected to make the case stated in his bill, a copy of which was on file in this court, were aged and infirm, and resided more than five hundred miles from the place of trial of the cause; and that several of them were single witnesses to material facts in the cause, which facts could only be proved by them. After stating in detail the names of the witnesses, and the facts to be proved by each, the deponent further stated that he had applied to the Circuit Judge in the district from which the appeal was taken, under the provisions of Equity Rule 70 for a commission to issue in the cause, to

take the depositions of the witnesses, which application had been denied " because of doubts expressed by said judge of his power to grant said commission, after said bill was dismisse<sup></sup>" and the case appealed."

*Mr. J. P. Whittemore* for the motion.

*Mr. H. H. Wells* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. Equity Rule 70 has no application to this case, and the affidavits presented do not show such facts as render it necessary for this court to make any special order in the premises. Under Rev. Stat. § 866 " any Circuit Court, upon application to it as a court of equity, may, according to the uses of chancery, direct depositions to be taken in *perpetuam rei memoriam,* if they relate to any matter that may be cognizable in any court of the United States." There is nothing in the motion papers to indicate that the appellant may not proceed under this statute to take and perpetuate his testimony, if he has reason to fear that it will otherwise be lost.