**W. H. ELLIOTT & SONS, INC.**

v.

**E. & F. KING & CO., Inc. and Nuodex
Products Co., Inc.**

**Civ. A. No. 1465.**

United States District Court
D. New Hampshire.

August 6, 1957.

See also D.C., 144 F.Supp. 401.

McLane, Carleton, Graf, Greene & Brown, Stanley M. Brown, Manchester, N. H., for plaintiff.

Upton, Sanders & Upton, John H. Sanders, Concord, N. H., for E. & F. King & Co., Inc.

Sulloway, Hollis, Godfrey & Soden, Frank J. Sulloway, Concord, N. H., for Nuodex Products Co., Inc.

CONNOR, District Judge.

Plaintiff moves for permission to take depositions of persons now or formerly in the employ of defendants King and Nuodex.

Defendants first object to the motions on the ground that the case is not a "pending appeal" within the meaning of Fed.Rules Civ.Proc. Rule 27(b), 28 U.S.C.A., since a petition for certiorari has been filed and the case is no longer with the Court of Appeals.

■■ The case is truly on "appeal." The fact that a petition for certiorari has been filed is irrelevant. There is no assurance that certiorari will be granted; until it is granted, jurisdiction probably is in the Court of Appeals. But even if it be considered that the Court of Appeals has no longer any jurisdiction over the case, still, the proceedings in the Supreme Court may properly be considered an "appeal," within the meaning of Rule 27(b), from the District Court's decision, and not an appeal from the Court of Appeals' decision.

Rule 27(b) operates "[i]f an appeal has been taken from a judgment of a district court." Certainly an appeal has been taken from this court's decision, whether or not that appeal is still in existence.

The policy of the rule is to perpetuate testimony for use in the event of further proceedings in the District Court, and such is certainly possible. Whether this occurs because of the action of the Court of Appeals or of the action of the Supreme Court seems unimportant.

The history of Rule 27(b) supports the conclusion that depositions may be taken whether the appeal is before the Court of Appeals or before the Supreme Court. The Advisory Committee Notes to Rule 27(b) state:

> "[Rule 27(b)] follows the practice approved in Richter v. Union Trust Co., 1885, 115 U.S. 55, 5 S.Ct. 1162, 29 L.Ed. 345 by extending the right to perpetuate testimony to cases pending on appeal."

In the Richter case, appellant made a motion in the Supreme Court to take testimony in a case pending in the Supreme Court which had been appealed from the Circuit Court. The appellant had applied to the Circuit Judge for leave to take the depositions, which application had been denied "because of doubts expressed by said judge of his power to grant said commission, after said bill was dismissed and the case appealed." The Supreme Court denied the motion, on the ground that appellant could have taken the depositions anyway under Rev.Stat. § 866:

> " * * * any circuit court, upon application to it as a court of equity, may, according to the uses of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matter that may be cognizable in any court of the United States."

■ Defendant's second reason for denial of the motions is that this court lacks jurisdiction since its original order dismissing the action has never been actually reversed.[1] However, in mo-

---

1. The Court of Appeals (1 Cir., 243 F.2d 116) reversed the findings of this court (144 F.Supp. 401), but because of pend- ing application for certiorari, no mandate has been received.

tions under Rule 27(b), the District Court has no jurisdiction of the case, because, whenever an appeal is filed, jurisdiction is immediately transferred to the Court of Appeals. Jordan v. Federal Farm Mortgage Corp., 8 Cir., 1945, 152 F.2d 642. Yet the rule authorizes an order by the District Court, even though it has no actual jurisdiction of the case.

 Rule 27(b) is discretionary with the court. At the hearing it was pointed out that the same action had been filed in the United States District Court of Massachusetts because it was feared that if this court had no jurisdiction, the statute of limitations would bar suit in any other court. The understanding was that the Massachusetts suit would not be pressed if suit could be prosecuted in this court. It is said that depositions could be taken in the Massachusetts suit without any court order. These circumstances should not cause a denial of the motions. The suit in Massachusetts is in effect merely a hedge. In case of a dispute as to the scope of the depositions, this court, rather than the Massachusetts court, would be familiar with the case.

The motions are granted.