488 So.2d 181 (1986)
Tommy A. THOMAS
v.
HANOVER INSURANCE COMPANY, et al.
No. 85-C-2265.
Supreme Court of Louisiana.
May 20, 1986.
Rehearing Denied June 19, 1986.
*182 William H. Sanders, Jena, Wilson M. Montero, Jr., Metairie, for plaintiff-applicant.
R. Michael Caldwell, Baton Rouge, for defendant-respondent.
DENNIS, Justice.
After an appeal had been taken from the judgment of the district court, that court, on motion of the plaintiff, ordered the taking of a deposition of a witness to perpetuate his testimony for use in the event of further proceedings in the district court, as authorized by La.C.C.P. art. 1433. Plaintiff also moved the court of appeal to continue or delay its hearing and decision of the appeal until the deposition had been taken. The court of appeal denied the motion and after due proceedings affirmed the trial court's judgment. Thomas v. Hanover Ins. Co., 477 So.2d 1171 (La.App. 1 Cir.1985). We granted certiorari but affirm after considering briefs and oral arguments. Before ordering a deposition to perpetuate testimony pending appeal, the district court must find "that the perpetuation of the testimony [for use in the event of further proceedings in the district court] is proper to avoid a failure or delay of justice." La.C.C.P. art. 1433. Contrary to plaintiff's argument, such a finding does not constitute grounds for the delay of appellate proceedings or the remand of the case to the trial court. The article only provides a vehicle for the perpetuation of testimony for use in case the appellate court, for reasons independent of this testimony, orders further proceedings in the district court.
La.C.C.P. Art. 1433 provides:
If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show:
(1) The names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each.
(2) The reasons for perpetuating their testimony.
If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of character provided for in Articles 1461 through 1465, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in this Chapter for depositions taken in actions pending in the court.
Plaintiff argues that the district court's finding that "the perpetuation of the testimony of Dr. Don Irby is proper to avoid a failure of justice," as a requisite for ordering perpetuation of testimony pending appeal, constitutes notice to the court of appeal that "there has been a failure of justice" which should cause the court of appeal to postpone its decision and remand *183 the case for further evidence. Plaintiff's argument is untenable.
The purpose of Art. 1433 is prophylactic rather than remedial. It authorizes the district court to order the perpetuation of testimony pending an appeal for possible use in the event the case is remanded for further proceedings. The object of the article is to provide a means for avoiding a failure or delay of justice in any future district court proceeding by preventing the loss or delay of evidence during the appeal. The district court's order to perpetuate testimony allows the taking and use of a deposition in the same manner and under the same conditions as are prescribed for depositions taken in actions currently pending in the district court. Accordingly, the actual use of any perpetuated testimony is contingent upon the court of appeal's remand of the case for further district court proceedings and the introduction of the depositionso far as it is admissible under the rules of evidence and procedure. See La.C.C.P. Arts. 1433, 1450.
Article 1433 is a replica of Federal Rule of Civil Procedure 27(b), which follows the practice approved in Richter v. Union Trust Co., 115 U.S. 55, 5 S.Ct. 1162, 29 L.Ed. 345 (1885), by extending the right to perpetuate testimony to cases pending an appeal. Original Committee Note of 1937 to Rule 27. See 4 J. Moore, J. Lucas, G. Grotheer, Moore's Federal Practice par. 27.01[2]. That article 1433 is a simple procedure for perpetuating testimony, rather than a method of affecting appeals, is borne out by the commentary on its source, Federal Rule of Civil Procedure 27(b):
Rule 27(b) is clear and requires little discussion. It provides a simple procedure whereby a party upon motion made in the district court in which the judgment was rendered may obtain leave to take depositions for perpetuating testimony in the event of further proceedings in the district court as the result of an appeal....
The situation most likely to arise for the taking of depositions for perpetuating testimony pending appeal or after judgment and before the expiration of the time for taking an appeal is when a motion to dismiss the complaint for failure to state a claim is granted and the party against whom the judgment is rendered appeals therefrom. Considerable time may elapse before the appeal is decided and if the decision on appeal is such that the action must be tried on the merits, more time will elapse before the testimony is actually taken at the trial. In such a situation perpetuation of testimony may be necessary to prevent a failure or delay of justice, since there is danger that the testimony will be lost unless it is perpetuated. Another situation is where the action has been tried on the merits, but the decision of the appeal may result in a new trial of the action, in whole or in part, in which event perpetuation of testimony may be necessary to prevent a loss of the testimony by reason of the lapse of time between the entry of the judgment appealed from and the taking of testimony at the new trial. (Footnotes omitted.) (Emphasis added)
4 J. Moore, J. Lucas, & G. Grother, Moore's Federal Practice par. 27.20 (2d ed. 1984).
See also 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 2076 (1970).
The judgment of the Court of Appeal is affirmed.[1]
AFFIRMED.
*184 DIXON, C.J., dissents with reasons.
CALOGERO, J., dissents for the reasons assigned by Lemmon J.
LEMMON, J., dissents and assigns reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
In this unprovided-for-case the court should fashion a remedy to prevent an injustice.
LEMMON, Justice, dissenting.
After the judgment of the trial court awarded plaintiff damages only for a temporarily disabling soft tissue injury and for temporary "mental disability", plaintiff underwent surgery which revealed the existence of a ruptured intervertebral disc. Perhaps plaintiff, rather than filing in the trial court a motion to perpetuate the testimony of the surgeon, should have filed in the court of appeal a motion to remand to the trial court. Nevertheless, the court of appeal was aware of the apparently conclusive evidence of a more serious disability and had the power and authority to remand the case to the trial court for determination of whether the new evidence warrants the granting of a new trial.[1] In my opinion the court of appeal abused its discretion by not affording plaintiff some relief in the interest of justice. La.C.C.P. Art. 2164.
I would remand to the trial court for a hearing to determine whether a new trial should be granted in view of the facts disclosed by the post-judgment surgery.
NOTES
[1] Plaintiff has never in this court or the court of appeal alleged that he has discovered new evidence that the accident caused him to have a ruptured disc. He has never by affidavit verified even that he has a ruptured disc. Yet our dissenting brethren would create a novel new trial procedure for this litigant and order the court of appeal to grant him an out of time new trial despite his failure to (1) apply for a new trial within the delay provided by law (La.C.C.P. art. 1974), (2) verify by affidavit his allegations of newly discovered evidence (La.C.C.P. art. 1975), and (3) make a showing that the evidence would have been important to the cause (La.C. C.P.1972). One of our dissenting brothers contends that this is an "unprovided for case", while the other contends that the court of appeal abused its discretion. However, the Legislature clearly has provided for this case by requiring that a litigant must file a motion for a new trial on the ground of newly discovered evidence with allegations of fact verified by affidavit within seven days of the day after the judgment was signed or notice of judgment is mailed. La.C.C.P. 1972, 1974, 1975. Accordingly, the court of appeal was not required or authorized by law to consider plaintiff's motion for a new trial and did not err legally or abuse its discretion.
[1] The court of appeal could have conditionally affirmed the judgment of the trial court, but reserved to the trial court the authority to grant a new trial if the new evidence that surfaced after the judgment warrants that relief.