DOUCET, Judge.
Dr. Albert T.J. appeals a judgment denying him leave to take two depositions pending the appeal of a separate judgment granting the adoption of his son to the child’s stepfather, Michael Kirby.
This appeal is consolidated with the one in the case of Kirby v. J., 517 So.2d 974 (La.App. 3rd Cir.1987), in which a separate opinion was rendered this date. In that opinion, we affirmed a lower court judgment granting Michael Edward Kirby, now deceased, the adoption of his stepson, Albert P.J. (Bert). Approximately six weeks after that judgment was signed, and pending appeal, Michael Kirby took his own life. Subsequently appellant filed what was styled as a “Petition to Nullify Judgment and to Take Depositions.” Appellant claimed that the judgment was obtained by fraud and/or ill practices because evidence of Michael Kirby’s emotional instability was concealed from the finder of fact. Appellant also sought to take the depositions of then unknown physicians who had allegedly treated Michael Kirby for emotional problems.
In a summary proceeding the district judge dismissed appellant’s petition. On appeal appellant cites as error only the trial court’s refusal to order the taking of depositions from two physicians whose identities were discovered during the hearing. He does not appeal that portion of the judgment dismissing his action of nullity. Appellant sought to take the depositions of the two physicians apparently because, as stated in his petition, he needed evidence obtained by the depositions to support his claim of fraud and/or ill practices.
The original hearing on the petition for adoption began on March 27, 1986. The judgment granting the adoption was signed on June 13,1986. On August 21,1986, Mr. Kirby took his own life. At the hearing in the case before the bar, facts attested to by seven witnesses showed that Mr. Kirby began experiencing emotional problems in the summer of 1986 subsequent to the adoption hearing. At the adoption hearing and in a deposition taken several months before, Mr. Kirby stated that he had seen a psychiatrist for two weeks for treatment of depression following the breakup of his first marriage. He stated that he also took medication for one month in connection with that treatment but had not, before or since then, received treatment for any emotional problems. The name of his treating psychiatrist was given to counsel for appellant who apparently chose not to further investigate the matter.
At the hearing in the instant case, it was brought out that shortly after his 1982 marriage to Anna Joyce Kirby, appellant’s ex-wife and mother of Bert, he, his two children from his first marriage, Bert, and Anna Joyce were seen by Dr. Darlyn Nem-eth, a neuropsychologist. Mr. Kirby was “tested” along with his two children and the family received counseling for two or three months. The counseling was directed to integrating the family. As Mrs. Kirby explained, “I have two stepchildren and my little son and we were having trouble with the meshing of the family right after we got married. And we went for counseling then.”
Other witnesses included a close family friend, a business associate of the Kirby’s, an adoption specialist who happened to go *983 to the same Sunday school as Mr. Kirby, the Kirby housekeeper, and two interior decorators who assisted the Kirbys with the redecorating of their home. All testified that Mr. Kirby was a well-adjusted, intelligent, articulate, and kind man. All, with the exception of the housekeeper, knew Mr. Kirby before the adoption hearing and those individuals saw absolutely no sign of emotional instability or depression in him during that time. That summer of 1986 however, the witnesses all noted changes in Mr. Kirby. He became increasingly quiet and withdrawn and ceased involvement in a business project. He was hospitalized for a short period and thereafter continued receiving psychiatric treatment from Dr. Echlerick and took anti-anxiety medication. All of the witnesses were shocked, stunned, and dismayed to learn of Mr. Kirby’s suicide.
Finding no evidence that Michael Kirby was suffering from any mental problems which he hid from the court at the adoption hearing, the trial judge dismissed the action of nullity and refused to allow depositions to be taken of Dr. Nemeth or Dr. Echlerick.
Appellant claims that, pursuant to La.C. C.P. art. 1433 allowing depositions to be taken after trial pending appeal, he should have been allowed to take the depositions of the two physicians. We disagree and affirm the judgment of the trial court.
La.C.C.P. art. 1433 reads:
“If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show:
(1) The names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each.
(2) The reasons for perpetuating their testimony.
If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for in Articles 1461 through 1465, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in this Chapter for depositions taken in actions pending in the court.” (Emphasis added)
The trial judge obviously did not find that a failure or delay of justice would result unless the testimony of Dr. Nemeth and Dr. Echlerick was perpetuated. C.C.P. art. 1433 gives great discretion to the trial judge in this regard and his ruling will not be disturbed absent an abuse of that discretion. See Ash v. Cort, 512 F.2d 909 (C.A. 3rd Cir.1975) interpreting Federal Rule of Civil Procedure 27(b) upon which our C.C.P. art. 1433 is patterned.
Appellant’s only reason for desiring to take the deposition is his belief that the two physicians could testify as to Mr. Kirby’s emotional stability before or at the time of the adoption hearing. Of course, Dr. Nemeth never “treated” Mr. Kirby much less treated him for emotional problems. If the testimony of either physician would be relevant the only possible reason for perpetuating it would be if we reversed the judgment of adoption and remanded it to the district court for trial on the issue of whether or not the adoption was in the best interest of the child Bert. Then too, the taking of the depositions would have been necessary only if there was a possibility that there might be a delay or failure of justice due to the inability to hear testimony from the physicians at a hearing on remand. See generally Thomas v. Hanover Insurance Company, 488 So.2d 181 (La.1986).
Appellant makes no such argument however and we find that, in light of Michael Kirby’s untimely demise such an argument *984 is rendered meaningless. Had we reversed the judgment granting the adoption we would not have remanded the case for a rehearing because it would have been rendered moot. We have taken the liberty of raising and examining the only possible rational argument as to why the judgment of the trial court refusing to allow the taking of depositions should be disturbed because counsel for appellant failed to include one in his brief on appeal. Counsel failed to address the only issue, that is, whether or not there was a showing that unless the testimony of the physicians was perpetuated a delay or failure of justice would result such as would render the trial court’s action an abuse of discretion. We therefore reject appellant’s assignment of error, finding no abuse of the court's discretion.
Appellee Anna Joyce Kirby has answered this appeal and asks this court to award her damages for frivolous appeal. La.C.C.P. art. 2164 empowers an appellate court to award damages for frivolous appeal. That statutory provision is penal in nature and must be strictly construed. Guidry v. Carmouche, 320 So.2d 267 (La.App. 3rd Cir.1975). Appeals are favored and damages for frivolous appeal are usually not awarded unless it is clear that the appeal was taken solely for delay or that counsel does not seriously believe in the view of law he advocates. Bellard v. Safeway Insurance Company, 442 So.2d 1314 (La.App. 3rd Cir.1983); Goad v. May, 376 So.2d 340 (La.App. 3rd Cir.1979).
Although we have rejected appellant’s assignments of error, we do not feel this case warrants an award of damages for frivolous appeal. The issues involved in this litigation concerned important parental rights and appellant exhausted all possible legal remedies available to him in an effort to preserve those rights. We are unable to say that this appeal was taken solely for delay or that appellant’s counsel could not have seriously believed in the view of law advocated. For these reasons we decline to assess against appellant damages for frivolous appeal.
For the reasons assigned, we affirm the judgment of the trial court.
AFFIRMED.