CULPEPPER, Judge Pro Tem.
MOTION TO REMAND
The plaintiff, Gail Whitehead, moves to remand this case to the trial court for the purpose of the taking of additional evidence.
The district court signed a judgment on January 26, 1987 in favor of the plaintiff. An appeal was taken by the plaintiff after the plaintiffs motion for judgment notwithstanding the verdict and conditional new trial was denied. After this appeal, was lodged, the mover filed the instant motion, on the grounds that new evidence relating to the plaintiffs injuries was available. It is alleged that the injuries to the plaintiffs back have become more severe since the trial on the merits. Specifically, the mover wishes to retake the deposition of Dr. Llewellyn, who testified at the trial on the merits.
Under LSA-C.C.P. art. 2164, the courts of appeal may remand cases for the introduction of additional evidence if a grave injustice might result from a failure to do so. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981) writ denied 405 So.2d 533 (La.1981). The power to remand should be sparingly used and is largely a discretionary matter which depends upon the circumstances of each particular case. Jones v. LeDay, 373 So.2d 787 (La.App. 3 Cir.1979). White v. Johns-Mansville Sales Corp., 416 So.2d 327 (La.App. 5 Cir.1982). Such a remand without decision requires the existing judgment to be set aside. *1190 Mack v. Southern Farm Bureau Cas. Ins. Co., 434 So.2d 594 (La.App. 1 Cir.1983), writ denied, 449 So.2d 1346 (La.1984).
In this case, setting aside the trial court’s judgment and ordering the case remanded for the taking of Dr. Llewellyn’s deposition would be tantamount to granting the plaintiff a new trial. Essentially, the plaintiff seems to contend that he is entitled to an increase in the amount of damages awarded by the trial court. If a defendant in a tort case may not remand a case that is pending in an appellate court, upon obtaining evidence that would tend to diminish the plaintiff’s recovery, there is no reason why the plaintiff should be able to remand to obtain evidence that would increase an award of damages. See Jones, supra at 789.
After extensive research, we can find no case where a remand was granted to allow additional medical evidence to support an increase in a plaintiff’s award. Damages are speculative by nature. To allow a remand after a trial on the merits for this reason would seriously jeopardize the administration of justice, the finality of court decisions, and the quick resolution of legal issues.
Secondly, the plaintiff directs our attention to LSA-C.C.P. art. 1433 as a separate basis for contending this case should be remanded.
LSA-C.C.P. art. 1433 provides:
“If an appeal has been taken from a judgment of a district court on or before the taking of an appeal if the time has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in this court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show:
(1) The names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each.
(2) The reasons for perpetuating their testimony.
If the court finds that the perpetuation of the testimony is proper to avoid a failure to delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for in Articles 1461 through 1465, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in this Chapter for depositions taken in actions pending in the court.”
In a strikingly similar case, the Supreme court stated that the article only provides a vehicle for the perpetuation of testimony for use in case the appellate court, for reasons independent of the testimony sought to be perpetuated, orders further proceedings in the district court. Thomas v. Hanover Ins. Co., 488 So.2d 181 (La.1986). The testimony of Dr. Llewellyn may be sought by motioning the trial court, and a remand is not necessary. That testimony may only become relevant to the case if the Court of Appeal remands for further proceedings. Thomas supra at 183.
For the above reasons, the motion to remand is denied at the mover’s cost.
MOTION DENIED.