STATE OF NEVADA, Plaintiff,

v.

Hazel R. O'LEARY, Secretary of Energy; United States Department of Energy; et al., Defendants.

No. CV–N–93–399–ECR.

United States District Court, D. Nevada.

Oct. 5, 1993.

As Amended Oct. 14, 1993.

Frankie Sue Del Papa, Atty. Gen. of State of Nev., Carson City, NV by Harry W. Swainston, Deputy Atty. Gen. and James H. Davenport, Sp. Deputy Atty. Gen., for plaintiff.

Janet Reno, U.S. Atty. Gen., Dept. of Justice, Washington, DC and Monte N. Stewart, Acting U.S. Atty., D. Nev., Reno, NV, for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

The State of Nevada seeks to preserve the testimony of twenty-seven individual scientists by taking their depositions pursuant to Fed.R.Civ.P. 27 (Petition document # 1). Respondents oppose this petition alleging that petitioner is using Rule 27 as an expensive and improper discovery tool (document # 14). A district court may allow the taking of depositions, prior to the filing of an action, for the purpose of perpetuating testimony in a future proceeding if such perpetuation would prevent a failure or delay of justice. Fed.R.Civ.P. 27.

The Yucca Mountain site, which is presently being studied by the Department of Energy ("DOE"), the Nuclear Regulatory Commission ("NRC") and the Environmental Protection Agency ("EPA") to determine its suitability under the Nuclear Waste Policy Act ("NWPA") as a site for the nation's first high-level nuclear waste repository, is at the center of the matter before this Court. The proposed site is controversial and at least one scientist, Jerry Szymanski a former employee of DOE, has conducted a study which hypothesizes that the possible recurrence of flooding (upwellings of groundwater) at Yucca Mountain makes the site dangerous for a nuclear repository. The State of Nevada anticipates that it may be a party to six potential actions challenging future decisions by DOE, EPA, and NRC relating to Yucca Mountain.[1] The scientists whom the State desires to depose include Mr. Szymanski and others who have studied his hypothesis and Yucca Mountain as a repository site.

The grant or denial of a petition to preserve testimony is within the discretion of the Court. *W.H. Elliott & Sons Inc. v. E. & F. King & Co.*, 22 F.R.D. 280 (D.C.N.H. 1957); and the Court's decision is reviewed for an abuse of discretion. *Ash v. Cort*, 512 F.2d 909 (3rd Cir.1975). The subject matter of the potential litigation is of a compelling nature and merits thorough investigation; however, this Court finds that the State of Nevada's request exceeds the scope of rule 27 and must be denied.

The rule was intended to apply to situations where, for one reason or another,

testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time. *Petition of Ferkauf*, 3 F.R.D. 89, 91 (D.C.N.Y.1943). To sustain a petition it must appear that the facts which the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy; that the testimony will be competent evidence; that the depositions of the witnesses cannot be taken and perpetuated in the ordinary methods prescribed by law, because the plaintiff is not in a position to initiate a suit in which the issue may be determined; and that taking of the testimony is made necessary by the danger that it may be lost by delay. *Arizona v. California*, 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934).[2]

It is advisable, though not necessary, to show particular circumstances indicating a concrete danger of loss when seeking to obtain depositions prior to the initiation of an action. Many decisions not to grant leave to perpetuate testimony have been upheld on appeal because insufficient allegations of the loss of testimony were made by the petitioning party. *See e.g. Lombard's Inc. v. Prince Mfg. Inc.*, 753 F.2d 974 (11th Cir.1985, certiorari denied, 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). No concrete showing was made in this case. The State offered no argument as to why the scientists, some of

---

**1.** The six potential law suits are: 1) review of DOE's siting guidelines promulgated pursuant to NWPA section 112(a), 42 U.S.C. § 10132(a); 2) review of any decision by the Secretary of Energy to recommend to the President that Yucca Mountain be developed as a repository; 3) an action challenging the adequacy and sufficiency of DOE's environmental impact statement for Yucca Mountain; 4) an action to review the statutory adequacy of the public health and safety standards to be promulgated by EPA for the protection of the public from releases from radioactive materials proposed to be stored or disposed of in a repository at Yucca Mountain; 5) an action seeking judicial review of the statutory adequacy of the NRC's technical requirements and criteria for licensing of a proposed repository at Yucca Mountain; and 6) an action seeking

judicial review of the decision by the NRC to issue DOE a construction authorization for a repository.

**2.** The petitioner must also show (and has shown in this matter): 1) the subject matter of the expected action(s) and the petitioner's interest therein; 2) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it; 3) the names or a description of the persons he expects will be adverse parties and their addresses so far as known; and 4) the names and addresses to the person to be examined and the substance of the testimony which the petitioner expects to elicit from each.

whom are in the State's employ, could not be deposed once the anticipated actions have commenced. However, the State contends that it could be up to ten years before the potential suits would be ripe. It is common knowledge that the lapse of time is replete with hazards and unexpected events. This is true regardless of the age, health or general status of an individual. Courts have held that the granting of a petition for preservation of testimony is aimed principally at the uncertainties appended to the passage of time and that a showing that the petitioner is presently unable to bring the expected action or cause it to be brought is sufficient showing of the danger of the loss of evidence by delay. *Petition of Ernst,* 2 F.R.D. 447, 451 (S.D.Cal.1942).

■ If this Court were to consider that the allegations of the petition presented by Nevada as sufficient to show danger of losing the evidence by delay *and* recognize that due to the unripeness of the suits that the depositions of the witnesses cannot be taken and perpetuated in the ordinary methods prescribed by law, the question still remains as to whether or not the testimony requested would be material in the litigation contemplated. The Ninth Circuit has provided by way of dictum, that Rule 27 does not require that the inquiry at deposition be limited to evidence that would be material and admissible in evidence at the trial. *Martin v. Reynolds Metals Corp.,* 297 F.2d 49 (9th Cir.1961). In addition, courts and commentators disagree as to whether or not rule 27 authorizes discovery before an action has been commenced. However, Rule 27 is not designated for discovering grounds for bringing an action to allow Rule 27 to be used for such a purpose would be an abuse of the rule. *Id.*

at 55. Nor is the rule appropriately applied to administrative rulemaking proceedings or appellate review of such proceedings which are limited to the administrative record.

The State in this matter contends that all the actions which it expects to be a party to are not ripe and that the testimony of the scientists is needed to discover information to impeach the National Academy of Science ("NAS") report which it anticipates DOE will utilize and rely on in making decisions and recommendations regarding Yucca Mountain as a repository site.[3] Rule 27 cannot authorize depositions in order to perpetuate testimony for purposes of an administrative rulemaking proceeding for two reasons. First, the rule expressly provides for depositions where a person desires to perpetuate testimony regarding a matter that may be cognizable in a court of the United States. Secondly, by seeking to preserve testimony prior to the rulemaking for use in an eventual court challenge based on the administrative record, Nevada is in fact seeking to influence the procedures by which the agency builds the administrative record for the promulgation of its standards. This is a role that belongs to the administrative agency alone. *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council,* 435 U.S. 519, 543–546, 98 S.Ct. 1197, 1211–1213, 55 L.Ed.2d 460 (1978). The decisions rendered regarding the Yucca Mountain site will be the end product of agency procedures which produce an administrative record sufficiently complete for judicial review. The parties in this case agree that to the extent that five of the anticipated actions are reviewable they will be reviewed by the appellate court and that all the actions will be appeals from administrative rulemaking proceedings.[4]

---

3. The NAS report was created pursuant to DOE's referral of the matter, in consideration of the controversy among scientists regarding the groundwater theory. The report ultimately concluded that the evidence did not support Mr. Szymanski's assertion. The existence of this report does not eliminate the other minority reports that reached the opposite conclusion.

4. Four of the potential actions are identified under NWPA section 119 as reviews of agency action. The Courts of appeals have original and exclusive jurisdiction for claims pursuant to this section. The challenge to EPA's promulgation pursuant to the Energy Policy Act of 1992, review is limited to the administrative record and the challenge to the potential issuance by the NRC of a construction authorization for a repository is appealable to the appropriate court of appeals under the Hobbs Act. 42 U.S.C. § 2239(a) and (b), 28 U.S.C. § 2342(4).

Review in the appellate court will be conducted on the basis of the administrative decisionmaking record—not the basis of any alleged "facts" the State seeks to discover by deposing the 27 scientists.[5] Moreover, to the extent that DOE or any of the other agencies involved might rely on the NAS or any other reports to support the decisions Nevada expects to challenge, such reports, as well as all other factual evidence, will be included in the agency decisionmaking record. The studies and reviews of studies are distilled into reports for this very purpose. The exhibits attached to DOE's opposition in this matter demonstrate the detail and thorough illustration provided by the studies available for the record. The Court is hesitant to generously allow the taking of depositions for actions that may not occur for ten years (and may not occur at all, depending on agency decisions) for the purpose of gathering information which is already available, in an appropriate form reviewable by the appellate court.

Failure or delay of justice will not result by this Court refusing to grant the Rule 27 petition in this case.

IT IS, THEREFORE, HEREBY ORDERED that Petitioner's State of Nevada Petition to perpetuate the testimony of 27 scientists (document # 1) is DENIED.

---

5. Although Rule 27(a) provides for depositions where a person desires to perpetuate testimony regarding "a matter that may be cognizable in *a court of the United States,*" it appears that the only time depositions would be appropriate is when the future action is to take place in a federal trial court. The appellate court would have no use for a *de novo* record created by the petitioner on appeal. Rule 27(b) discusses when depositions may be taken pending appeal and states that "the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the *district court.*"